## MELVIN JOHNSON v. VILLAGE OF COHASSET.

116 N. W. (2d) 692.

August 17, 1962—No. 38,629.

426

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Benton & Weber,* for appellant.
*Paul M. Shaw,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action by Melvin Johnson, an honorably discharged veteran of the armed forces of the United States of America, against the village of Cohasset for judgment commanding and requiring defendant village to afford him an impartial hearing on his discharge by the village from his position as bartender of its municipal liquor store; and for payment of his salary until such time as his employment may be lawfully terminated under Minn. St. 197.46, which provides in part:

"* * * No person holding a position by appointment or employment in the state of Minnesota or in the several counties, cities, towns, villages, school districts and all other political subdivisions or agencies thereof, who is an honorably discharged veteran, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing. In all governmental subdivisions having an established civil service board of commission, or merit system authority, such hearing for removal or discharge shall be held before such civil service board of commission or merit system authority. Where no such civil service board or commission or merit system authority exists, such hearing shall be held by a board of three persons appointed as follows: one by the governmental subdivision, one by the veteran, and the third by the two so selected. * * * The veteran may appeal from

the decision of the board upon the charges to the district court by causing written notice of appeal, stating the grounds thereof, to be served upon the governmental subdivision or officer making the charges within 15 days after notice of the decision and by filing the original notice of appeal with proof of service thereof in the office of the clerk of the district court within ten days after service thereof."

After defendant had first suspended and then discharged plaintiff without any attempted compliance with the above statute, it served upon him formal written notice which set forth charges of misconduct on his part by reason of which it sought to terminate his employment. Pursuant to agreement and a court order, the parties set September 9, 1961, as the date for a hearing thereon in accordance with § 197.46. On the date and time set for such "hearing," plaintiff appeared with his counsel but then discovered that the board created to hear and act upon the written charges filed against him proposed to do so without sworn testimony and without a reporter or stenographer available to take notes of the testimony from which a transcript could be later prepared. Plaintiff refused to proceed with the hearing, and no further proceedings were conducted. On September 13 the village council adopted a resolution discharging plaintiff for failing to proceed with the hearing.

In its findings in this action the trial court set forth that—

"* * * on June 14, 1961, defendant notified * * * plaintiff by * * * mail * * * that by action of the Village Council plaintiff had been suspended for a period of five days for the following reasons:

"1.   Drinking while on the job.

"2.   Being intoxicated while working.

"3.   Being negligent in the duties of a bartender.

\*     \*     \*     \*     \*

"* * * on June 20, 1961, defendant notified plaintiff by mail that plaintiff was discharged from his duties as bartender of the defendant's liquor store. * * *

\*     \*     \*     \*     \*

"* * * on August 24, 1961, this Court * * * ordered a hearing pursuant to M. S. A. 197.46, requiring the defendant to appoint a member to the board * * *.

"* * * pursuant thereto plaintiff appointed a board member, defendant appointed a board member * * *, the two such members agreed upon a third member, and the board so composed agreed to meet * * *.

"* * * the board and the attorneys for plaintiff and defendant met in the Village Hall on September 9, 1961, at which time plaintiff was also present. * * *

"* * * when said meeting was about to convene defendant, its attorney, and all the board members were notified that plaintiff would not proceed because defendant did not provide a court reporter at defendant's expense and did not provide a qualified notary public to swear the witnesses. * * * That * * * defendant then determined there was no need for such a hearing. That defendant did * * * by resolution on September 13, 1961, summarily dismiss and discharge * * * plaintiff.

"* * * plaintiff's failure to take part in said hearing was without cause and was arbitrary and unreasonable.

"* * * plaintiff is not entitled to any wages after the 30th day of June, 1961, * * *.

"* * * M. S. A. 197.46, and other laws of Minnesota relating to veterans preference, do not provide for a court reporter nor for a notary public to be present for the hearing; * * *."

In its conclusions the trial court determined that plaintiff had been granted a hearing under § 197.46 and, by his actions in failing to take part therein, he had waived all rights thereto so that defendant was under no legal obligation to reinstate him or to pay him any further wages or give him any further hearing.

In a memorandum, the basis for this determination was set forth as follows:

"The Court is not entirely convinced that plaintiff has lost all of his rights under the Veterans Preference Act by his actions herein. * * * it is the Court's opinion that the plaintiff has acted in an arbitrary and unreasonable manner, and in doing so the Court believes that his actions indicate an intentional delay of the proceedings for the purpose of obtaining wages. * * *

"\* \* \* it appears that if the procedure as outlined in \* \* \* M. S. A. 197.46, is to be followed it could result in plaintiff, or any other individual in his position, delaying hearings without just cause with the hope that should he be denied his position and be legally discharged therefrom that he would be able to collect wages up until the time that a hearing has actually been held and findings made thereon.

\* \* \* \* \*

"If this matter should ultimately reach the Supreme Court it would be well for the Court to make certain observations, such as:

"1. Should there be a court reporter in attendance at all hearings held under the Veterans Preference Act? If so, at whose expense should the court reporter be paid?

"2. Is it necessary to have all witnesses sworn? If so, who should administer the oaths?

"3. May a member of the Village Council be a member of the board or panel?"

■ Minn. St. 197.46 accords an honorably discharged veteran a right of appeal to the district court from a decision of an administrative board terminating his employment in a governmental subdivision. In such an appeal the functions of the district court are identical to those applicable upon its review by certiorari of the decisions of any public administrative board. In State ex rel. McGinnis v. Police Civil Service Comm. 253 Minn. 62, 91 N. W. (2d) 154, this court held ineffective a provision, formerly a part of § 197.46,[1] which provided that

---

[1] Subsequent to the decision in State ex rel. McGinnis v. Police Civil Service Comm. § 197.46 was amended at the 1961 legislative session by eliminating therefrom provisions authorizing trial by jury on an appeal from an order of a board created thereunder and placing the burden of proof in such appeals upon the governmental subdivision making the accusations against the veteran. However, the provision therein which prohibits removal of an honorably discharged veteran from public employment except for incompetency or misconduct shown after hearing upon due notice and stated charges in writing was not eliminated and would appear to definitely fix the burden of showing incompetency or misconduct upon the governmental subdivision making such charges. L. 1961, c. 566.

on appeal the trial in district court should be by jury unless waived, and which placed the burden of proving incompetency or misconduct therein upon the governmental subdivision alleging the same. With respect thereto, the court stated (253 Minn. 71, 91 N. W. [2d] 160):

"* * * an order by an administrative body which involves a non-judicial function may only be reviewed in a limited way and because the function here involved was clearly administrative and nonjudicial, the above-quoted portion of § 197.46 must be held * * * ineffective as it clearly provides for a method of review * * * which is inconsistent with prior holdings of this court. Therefore we hold that review of the order provided for in § 197.46 must be by certiorari to the district court."

In such cases the district court hearing is not de novo nor can the court substitute its findings therein for those of the board whose decision is challenged on appeal. State ex rel. Ging v. Board of Education, 213 Minn. 550, 589, 7 N. W. (2d) 544, 564. Therein, the court must determine from the record of the hearing before the board whether its decision is arbitrary or unreasonable, or whether it finds adequate support in such record.[2] Beck v. Council of City of St. Paul, 235 Minn. 56, 50 N. W. (2d) 81; State ex rel. Spurck v. Civil Service Board, 226 Minn. 240, 32 N. W. (2d) 574.

■ From the foregoing it is obvious that in an appeal under § 197.46 the functions of the court as described cannot be performed unless a record of the evidence upon which the board has based its order, including a transcript of the testimony submitted at the hearing, is presented to the court for examination. Where, upon such examination, the court finds the order of the board to be without evidentiary support, it must remand the proceedings to the board with directions to vacate or set aside the order from which the appeal has been taken. Sellin v. City of Duluth, 248 Minn. 333, 80 N. W. (2d)

---

[2]Additional questions for the district court in such a review include those relating to the jurisdiction of the board and its adherence to applicable legal principles in arriving at the decision. State ex rel. Duluth C. H. Assn. v. Dept. of Commerce, 245 Minn. 529, 73 N. W. (2d) 790; State ex rel. Ging v. Board of Education, 213 Minn. 550, 7 N. W. (2d) 544.

67. Where there is no such transcript of the testimony, or where the record of the proceedings before the board is otherwise inadequate, the court has no choice but to proceed in the manner described. Sellin v. City of Duluth, *supra*. See, State ex rel. Butters v. Elston, 214 Minn. 205, 70 N. W. (2d) 750.

■ That the responsibility for providing such a record rests upon the board acting to discharge an employee of a governmental subdivision under civil service was clearly manifested by this court in Sellin v. City of Duluth, *supra*. There it was determined that a municipal civil service board passing on the removal of a city employee is required to keep an adequate record of the proceedings and to make findings upon which its final determination is based. There this court stated (248 Minn. 341, 80 N. W. [2d] 73):

"* * * On oral argument the plaintiff's attorney commented on his inability to present evidence at the hearing. We have reviewed the exhibits in this case * * * and find that the entire proceedings before the board were very sketchy. Apparently no record of any kind was made of the hearing; further, the board made no findings of fact and from the brief notation made of the hearing it was reluctant to do so. In view of this situation we must point out that the board of its own initiative should now grant a further hearing. At such a hearing an adequate record of the proceedings should be made, and the board should make findings of fact on which it bases its final determination. If this is not done, the plaintiff has the right to go to the district court on a writ of certiorari, where the case may be remanded to the board with directions to find the facts necessary to the board's determination of the case."

Likewise, in State ex rel. Butters v. Elston, 214 Minn. 205, 211, 7 N. W. (2d) 750, 753, which involved the state civil service law, this court stated:

"* * * all that the trial court had before it was appellant's application and the board's return thereto. * * * These two documents, and these alone, so the board certified, constitute 'all the records of the proceedings * * *.'

. "Our scope of review in certiorari proceedings is limited to and

determined *by the record made by the officers whose action is sought to be reviewed.* * * * But appellant * * * 'has a right to have considered and determined all questions properly presented by the record.' * * *

"We conclude that there was here a complete failure by the board to act upon appellant's application, and that its refusal to hear his claims, especially its failure to give him an opportunity to present his proof on the vital subject of his claimed wrongful discharge, cannot be ignored."

Applying these doctrines here where defendant village seeks to terminate plaintiff's employment, it would seem clear that the burden rested upon it to be prepared to make an adequate record of the testimony presented at the hearing so that on appeal it could demonstrate that the evidence was adequate to support a finding as to plaintiff's incompetency or misconduct. Section 197.46 provides specifically that an honorably discharged veteran shall not be removed from his position except for incompetency or misconduct *shown after a hearing* before a board as therein provided. Obviously this manifests a legislative intent that the governmental unit making the accusations of misconduct or incompetency against the veteran must *show* the truth thereof at the hearing described.

Certainly, nothing in § 197.46 imposes upon the veteran against whom the accusations have been made the affirmative obligation of showing, either at the hearing or on an appeal, that he is not incompetent and has not been guilty of the misconduct charged. It would follow that in the present proceedings plaintiff was within his rights as guaranteed by § 197.46 in insisting that a stenographic report of the proceedings be made, and that the hearing should not proceed until the personnel and facilities were provided. Any other conduct upon his part might well be construed as a waiver of his rights in this connection.

That the word "hearing," as used in statutes having reference to administrative boards, requires procedure such as above outlined appears clearly established. Thus, the United States Supreme Court in I. C. C. v. Louisville & Nashville R. Co. 227 U. S. 88, 33 S. Ct. 185,

57 L. ed. 431, in construing a statutory provision requiring a hearing before the Interstate Commerce Commission with reference to fixing rates in interstate commerce, stated (227 U. S. 91, 33 S. Ct. 186, 57 L. ed. 433):

"* * * the statute gave the right to a full hearing, and that conferred the privilege of introducing testimony, and at the same time imposed the duty of deciding in accordance with the facts proved. A finding without evidence is arbitrary and baseless. And if the Government's contention is correct, it would mean that * * * where rights depended upon facts, the Commission could disregard all rules of evidence, and capriciously make findings by administrative fiat. Such authority, however beneficently exercised * * *, is inconsistent with rational justice, and comes under the Constitution's condemnation of all arbitrary exercise of power.

"In the comparatively few cases in which such questions have arisen it has been distinctly recognized that administrative orders, quasi-judicial in character, are void if a hearing was denied; if that granted was inadequate or manifestly unfair; if the finding was contrary to the 'indisputable character of the evidence.' [Citing cases.]

\* \* \* \* \*

"* * * *But the legal effect of evidence is a question of law. A finding without evidence is beyond the power of the Commission.* * * *

"* * * The Commission is an administrative body and, even where it acts in a quasi-judicial capacity, is not limited by the strict rules, as to the admissibility of evidence, which prevail in suits between private parties. * * * But the more liberal the practice in admitting testimony, the more imperative the obligation to preserve the essential rules of evidence by which rights are asserted or defended. In such cases *the Commissioners cannot act upon their own information as could jurors in primitive days. All parties must be fully apprised of the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal. In no other way can a party maintain its rights or make its defense. In no other way can it test the sufficiency of the facts to support the finding; for otherwise,*

*even though it appeared that the order was without evidence, the manifest deficiency could always be explained on the theory that the Commission had before it extraneous, unknown but presumptively sufficient information to support the finding."* (Italics supplied.)

Along similar lines, in construing the meaning of the term "burden of proof" as used with reference to proceedings before an administrative board, the court in Moore v. Clarke, 171 Md. 39, 45, 187 A. 887, 890, 107 A. L. R. 924, stated:

"* * * The provision that the decision of the Commission shall be 'prima facie correct' and that *the burden of proof is upon the party attacking the same does not mean, therefore, that if no facts are established before the Commission sufficient to support its decision, that there is any burden of factual proof on the person attacking it, for the decision of the Commission cannot of itself be accepted as the equivalent of facts which do not exist,* and in all cases, whether there is evidence legally sufficient to support the decision of the Commission is necessarily a matter of law to be decided by the court as any other question of law would be." (Italics supplied.)

See, also, State ex rel. Pete v. Eklund, 196 Minn. 216, 264 N. W. 682; Welch v. County Board of School Trustees, 22 Ill. App. (2d) 231, 160 N. E. (2d) 505; Pioneer T. & T. Co. v. Westenhaver, 29 Okla. 429, 118 P. 354, 38 L. R. A. (N. S.) 1209.

■ Section 197.46 is designed to protect honorably discharged veterans in public employment from the ravages and insecurity of a political spoils system. That a board created thereunder to hear charges of incompetency or misconduct against such a veteran should be impartial and without bias is implicit in such design. While it is obvious that a party to a proceedings before it might name as a representative thereon a person, who by reason of friendship or because of business or political interests would favor such party, this should be avoided as much as possible. Certainly, it would be no more fair for a municipality to appoint to such a board one of its officials than it would be for a veteran under attack to name himself as a member thereof. The principles here expressed may serve in some measure as a guide for

governmental subdivisions and veterans in their employ in the creation of such boards under § 197.46.

■ By virtue of § 197.46, an honorably discharged veteran in public employment retains his position therein until he has been discharged in accordance with the requirements of this section. While under certain circumstances we have held that an employee in public employment may be suspended pending determination of charges of misconduct or incompetency against him, State ex rel. Douglas v. Megaarden, 85 Minn. 41, 88 N. W. 412; Rees v. City of Minneapolis, 105 Minn. 246, 117 N. W. 432; State ex rel. Carlson v. Strunk, 219 Minn. 529, 18 N. W. (2d) 457, these decisions have no application to veterans' preference. The absence of a specific provision in § 197.46 authorizing suspension of an honorably discharged veteran in public employment pending determination of charges of incompetency or misconduct against him manifests a clear legislative intent that such veterans be not subjected to such procedures, which could well circumvent the security in public employment intended for him under § 197.46. As stated in State ex rel. Lund v. City of Bemidji, 209 Minn. 91, 95, 295 N. W. 514, 516, in which respondent was an honorably discharged veteran:

"There being nothing in the city charter fixing the termination of respondent's employment, it was continuous and he could not be removed except for incompetency or misconduct * * *.

\* \* \* \* \*

"In the certiorari proceedings the trial court found that the action of the city council in dismissing and removing respondent was not supported by evidence of a 'legal and substantial basis' and was 'arbitrary and oppressive and unreasonable.' It ordered judgment quashing the proceedings of the city council."

There can be no serious objection to this construction. A board to determine charges against an honorably discharged veteran may be quickly created under § 197.46 and may proceed with dispatch to a decision so that no great loss will be sustained by the public agency if the charges are found to be true. In the instant case, the numerous delays in the proceedings were occasioned by defendant's actions in

seeking to circumvent or avoid the application of § 197.46. We find nothing in the record to support defendant's contention that plaintiff's conduct brought about any delay in these proceedings. On a number of occasions defendant's actions herein have compelled plaintiff to seek relief in district court and any delay in this respect certainly cannot be charged to him. Accordingly, it is only just that any losses resulting herein should fall upon defendant. Under this construction, it would follow that plaintiff is entitled to his compensation until such time as he has been formally discharged as provided therein, subject, of course, to any mitigation of damages under principles customarily applied in breach of employment contracts. See, Spurck v. Civil Service Board, 231 Minn. 183, 194, 42 N. W. (2d) 720, 727.

The orders from which this appeal is taken are reversed and the case remanded with directions to the district court to remand the proceedings to the board with directions that it accord plaintiff an adequate hearing in line with this opinion; and in connection therewith, that the defendant provide adequate personnel and facilities for swearing of witnesses and the taking by shorthand or otherwise of notes of all testimony presented at such hearing and for transcribing it if an appeal is taken, so that it may be included as part of the record therein.