**Steven D. KURTZ, Petitioner, Respondent,**

v.

**CITY OF APPLE VALLEY et al., Appellants.**

No. 50055.

Supreme Court of Minnesota.

Feb. 15, 1980.

McMenomy & Sheldon, Edward B. McMenomy, Rosemount, for appellants.

Alton, Severson & Sovis and Larry S. Severson, Reese Chezick, Apple Valley, for respondent.

Heard before OTIS, YETKA and SCOTT, JJ., and considered and decided by the court en banc.

YETKA, Justice.

After being suspended from his job as a police officer, Steven Kurtz petitioned the First Judicial District Court of Dakota County for a writ of mandamus under the Veterans' Preference Act, Minn.Stat. § 197.46 (1978). The court granted the writ directing the City of Apple Valley to reinstate Kurtz with backpay. The city appealed the issuance of the writ. We affirm.

The sole issue presented on appeal is: May a veteran who is a police officer be suspended without pay pending the resolution of criminal charges brought against him?

The facts are not in dispute. Steven Kurtz, an honorably discharged veteran, is a police officer for the City of Apple Valley. On December 12, 1978, criminal charges of assault and aggravated assault on a 1-year-old child were filed against Kurtz. On December 14, 1979, the city gave Kurtz a "Notice of Suspension" suspending him without pay. The contents of that notice are set forth in the discussion below.

The notice offered Kurtz a hearing before the city council. Kurtz requested the type of hearing authorized under the Veterans' Preference Act, but the city denied such a hearing. In March 1979, Kurtz petitioned the district court for a writ of mandamus under the act. After a brief hearing, the district court issued a writ, order and memorandum on April 5, 1979, granting Kurtz backpay and directing the city to continue to pay Kurtz unless and until discharged under the act. The court left it up to the city as to whether to assign Kurtz to regular duty or not. The city assigned him to street maintenance work. The city filed a timely notice of appeal from the issuance of the writ.

On June 8, 1979, Kurtz was acquitted of the criminal charges by a jury. On June 12, 1979, the city reinstated him to his position as police officer subject to taking certain psychological tests which he has now taken. Thus, this case now amounts to a claim for pay during the 6-month period of suspension.

The parties correctly note that the decision of this issue is governed by section 197.46 and three cases interpreting it as to suspensions. The statute provides:

*Veterans Preference Act; removal forbidden; right of mandamus.* Any person whose rights may be in any way prejudiced contrary to any of the provisions of this section, shall be entitled to a writ of mandamus to remedy the wrong. No person holding a position by appointment or employment in the several counties, cities, towns, school districts and all other political subdivisions in the state, who is a veteran separated from the military service under honorable conditions, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing.

Any veteran who has been notified of the intent to discharge him from an appointed position or employment pursuant to this section shall be notified in writing of such intent to discharge and of his right to request a hearing within 60 days of receipt of the notice of intent to discharge.

Minn.Stat. § 197.46 (1978). Three cases have considered whether a suspension contravenes this act.

In *Johnson v. Village of Cohasset,* 263 Minn. 425, 116 N.W.2d 692 (1962), the employee was given a 5-day suspension for misconduct on the job. At the end of the suspension, the village discharged him. This court stated:

By virtue of § 197.46, an honorably discharged veteran in public employment retains his position therein until he has been discharged in accordance with the requirements of this section.   *   *   *   The absence of a specific provision in § 197.46 authorizing suspension of an honorably discharged veteran in public employment pending determination of charges of incompetency or misconduct against him manifests a clear legislative intent that such veterans be not subjected to such procedures, which could well circumvent the security in public employment intended for him under § 197.46.

*   *   *   *   *   *

* * * [I]t would follow that plaintiff is entitled to his compensation until such time as he has been formally discharged as provided therein, subject, of course, to any mitigation of damages under principles customarily applied in breach of employment contracts.

263 Minn. at 436–37, 116 N.W.2d at 700. This first case may have been interpreted as barring any suspension, but it only spoke as to suspensions pending determination of discharge proceedings.

In *State ex rel. Jenson v. Civil Service Commission, City of Minneapolis*, 268 Minn. 536, 130 N.W.2d 143 (1964), *cert. denied*, 380 U.S. 943, 85 S.Ct. 1023, 13 L.Ed.2d 962 (1965), the employee was given two suspensions. Under one civil service rule, he was given a disciplinary suspension without pay; under another rule, he was suspended without pay pending discharge proceedings. This court stated that the latter rule:

appears to conflict with Minn.St. 197.46 as recently construed in *Johnson v. Village of Cohasset* * * *. In that case we held that in proceedings for discharge governed solely by that section of the Veterans Preference Law a veteran may not be suspended pending a determination of the charges filed against him. * * It seems clear that a *suspension for disciplinary purposes* as authorized by the rules, as well as a *suspension with pay pending discharge proceedings*, in the sense of interrupting or preventing the performance of assigned duties, does not conflict with the purpose of § 197.46 as declared in the *Johnson* case. However, if relator's suspension without pay was accomplished as a part of the discharge proceedings, as it appears to have been, he would be entitled to his salary until April 16, 1962, when the commission filed its decision.

268 Minn. at 540, 130 N.W.2d at 147 (emphasis added).

Finally, in *Wilson v. City of Minneapolis*, 283 Minn. 348, 168 N.W.2d 19 (1969), a police officer was given a disciplinary suspension. This court upheld the suspension, stating:

A suspension is not a removal within the meaning of the Veterans Preference Act and, this being so, *a suspension for disciplinary purposes* may be ordered even though a hearing of the type described in § 197.46 is not accorded.

* * * * * *

The claim that the Veterans Preference Act applies turns on whether a *disciplinary suspension* is a removal or discharge within the meaning of that law. We hold that it is not. The cases support this conclusion uniformly. See, *Johnson v. Village of Cohasset* * * *.

283 Minn. at 352, 354, 168 N.W.2d at 22, 23 (emphasis added).

These cases establish that (1) a suspension without pay pending discharge proceedings is illegal; (2) a suspension *with* pay pending discharge proceedings is permissible; and (3) a disciplinary suspension without pay is permissible.

It is true that the facts of this case are distinguishable from all of the prior cases. It is also true that there are very good reasons for suspending a police officer charged with a felony. However, we hold that the Veterans' Preference Act prohibits a suspension without pay on the facts of this case.

First, this is not a disciplinary suspension. The felony charges were unrelated to Kurtz' employment so he was not being charged with misconduct on the job. Nor was the city attempting to discipline him for being charged with a crime. Although the city argues that the suspension was essentially a disciplinary suspension, it conceded in its brief that this is a case in which "the facts do not justify a suspension for disciplinary purposes."

Secondly, it is clear that if Kurtz had been convicted, the city would have fired him. Since the trial could have been dispositive, the suspension pending trial was equivalent to a suspension pending a discharge hearing. This is true even though the city might have granted notice and a hearing after a conviction because discharge would have been inevitable.

Thirdly, the city reserved the right to fire Kurtz even if acquitted. Its letter stated:

It has come to my attention that assault charges are presently pending against you, claiming an assault on Joseph Robert Newell, an infant, which allegedly occurred between July 1st, 1978, and August 31st, 1978. While the City is willing to presume you innocent of the alleged crime until and unless you are proven guilty, I feel that the nature of these charges makes it incumbent on me to remove you during their pendency, because of the nature of the law enforcement work in which you are involved. In addition, information that has come to my attention concerning your *life style*, together with *other considerations related to your job performance*, make it incumbent on me to notify you that *reinstatement in your police officer position with the City does not necessarily depend on the outcome of the pending criminal charges.*

I will keep the matter under advisement and make an honest effort to evaluate the City's position with respect to your employment as facts develop and *will notify you as soon as final decisions have been made with respect to your tenure.*

(Emphasis added.) Thus, Kurtz would certainly have been discharged if convicted, and the city was reserving the option of discharging him even if acquitted.[1] Such an action constitutes a suspension pending a decision as to discharge, which is contrary to the statute. The issuance of the writ of mandamus is therefore affirmed.

In *Johnson*, we noted that a veteran removed in a manner contrary to section 197.-46 is entitled to compensation for the period of removal subject to customary mitigation of damages principles. In this case, Kurtz received both unemployment compensation benefits and salary when working on street maintenance, but the record does not show the amounts in question. We therefore remand the case to the district court for any necessary calculations.

The trial court is thus affirmed and the case remanded.

---

1. By noting that the city reserved the right to discharge the veteran even if acquitted, we do not mean to indicate that a suspension without pay pending the resolution of the criminal charges would have been permissible but for such a reservation; the result would be the same. Nor do we imply that the city would not have been required, in response to statutory notice under the Veterans' Preference Act, to grant a hearing *after* disposition of the criminal charges regardless of the outcome; it would be.