AFSCME COUNCIL 96, for itself and on
Behalf of its Member Employee, Carl
Hammerberg, Respondent,

v.

ARROWHEAD REGIONAL CORREC-
TIONS BOARD, Appellant.

No. C4–83–999.

Supreme Court of Minnesota.

Oct. 12, 1984.

Alan L. Mitchell, Kevin O'Connell, Duluth, for appellant.

Don L. Bye, Duluth, for respondent.

## OPINION

AMDAHL, Chief Justice.

This is an appeal from an order compelling the Arrowhead Regional Corrections Board (hereafter ARC) to arbitrate the discharge of its employee, Career Corrections Agent Carl Hammerberg. Following an incident which occurred on October 15, 1982, employee Hammerberg was served with a notice of intent to dismiss on grounds of misconduct. On October 25, AFSCME Local 66 filed a grievance objecting to Hammerberg's dismissal. The employer then informed the AFSCME representative that it was ARC's position that Hammerberg would have to choose between the Veteran's Preference Hearing to which he was entitled, and the grievance process but could not employ both procedures. By letter dated December 8, 1982, Hammerberg requested a Veteran's Preference Hearing. The St. Louis County Civil Service Commission, acting as a Veteran's Preference Board pursuant to a contractual agreement with the ARC, held the hearing on January 10, 1983. The Board upheld Hammerberg's dismissal, finding his mis-

conduct sufficient to justify termination of employment.

AFSCME Council 96, "for Itself and on Behalf of its Member Employee Carl Hammerberg," moved the district court for an order compelling arbitration of the dismissal, for a determination that the ARC had engaged in an unfair labor practice by refusing to arbitrate, and for an order requiring that ARC abide by the labor contract as to arbitration. The district court denied the motion for an unfair labor practice determination, but granted the other orders. ARC appeals from those orders. Respondent has not cross-appealed from the unfair labor practice ruling.

We are presented with the question of whether a veteran who is given notice of intent to terminate public employment has a right to both a Veteran's Preference Hearing and arbitration pursuant to a collective bargaining agreement. We conclude that a veteran has a statutory right to both procedures that is not precluded by the principles of collateral estoppel and res judicata.[1]

Under Minn.Stat. § 197.46 (1982), "No person holding a position by appointment or employment in the several counties * * who is a veteran * * * shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing."

The Public Employment Labor Relations Act (PELRA) mandates that the collective bargaining agreement provide for compulsory binding arbitration to resolve disputes between public employers and their employees. Minn.Stat. § 179.70, subd. 1 (Supp.1983). The collective bargaining agreement between ARC and AFSCME Council 96 accordingly provides, under Article VI, for a series of grievance procedures culminating in an arbitration proceeding which decision "shall be final and binding upon the parties."

ARC relies on dicta in *General Drivers Local 346 v. Aitkin County Board,* 320 N.W.2d 695 (Minn.1982), for its argument that it is not obligated to allow both a hearing under the Veteran's Preference Act and arbitration pursuant to the collective bargaining agreement under PELRA, Minn.Stat. §§ 179.61–179.76 (1982 & Supp. 1983). That court found that a deputy who was improperly terminated was entitled to the protection of both the collective bargaining agreement negotiated subject to PELRA and the Veteran's Preference Act. Since the particular collective bargaining agreement at issue largely incorporated the rights provided by the Veteran's Preference Act, the court found that no separate hearing *need* be held and the deputy could proceed to utilize the grievance mechanism. 320 N.W.2d at 701. Rather than supporting the ARC's position, *General Drivers* solidifies the right of veterans to employ both avenues of redress. This court did not say that two separate hearings *could* not be held nor did it consider whether arbitration *need* be granted when a Veteran's Preference Hearing has already been held. This language is in clear contrast to a second holding of the *General Drivers* case, that is, that another terminated deputy not covered by the Veteran's Preference Act *could not proceed* under both PELRA and the sheriff's civil service system, but had to elect one or the other. 320 N.W.2d at 702. Obviously, the same kind of mandatory election could have been declared to apply to veterans.

██ There are several similarities between Veteran's Preference Hearings and arbitration. First, this court has held repeatedly that the "just cause" standard for which an employee can be discharged under PELRA and the "incompetency or misconduct" standard for discharge under the Veteran's Preference Act are equivalent. *See Ekstedt v. Village of New Hope,* 292

---

1. While the parties have argued in their briefs the issue of whether due process was afforded to Hammerberg at his Veteran's Preference Hear- ing, we note that a separate appeal to the district court is pending on that issue and we decline to address it.

Minn. 152, 193 N.W.2d 821 (Minn.1972).[2] Secondly, the Veteran's Preference Hearing Board has the same power to fashion alternative remedies (*i.e.*, progressive discipline) as the arbitrator does. In *Leininger v. City of Bloomington*, 299 N.W.2d 723 (Minn.1980), the court held that neither the City of Bloomington's Home Rule Charter, nor anything in section 197.46 contemplate that the Veteran's Preference Hearing Board serve merely as a body that reviews findings and approves or disapproves recommendations, but that its function is also to decide for itself what penalty, if any, is justified. 299 N.W.2d at 729.

█ Despite the equivalence of the two hearing procedures, when both are properly conducted, there are strong public policies which dictate allowing a veteran to elect both hearings. The legislature has clearly manifested its intent that veterans enjoy security in public employment, protected from "the ravages and insecurity of a political spoils system." *Johnson v. Village of Cohasset*, 263 Minn. 425, 435, 116 N.W.2d 692, 699 (1962). That the statute contains a penalty of a misdemeanor for wilful violation of the Veteran's Preference Act is further indication of this legislative support. Minn.Stat. § 197.46 (1982). This

court has also expressed such support in *General Drivers* by holding that the Veteran's Preference Act, PELRA, and the optional sheriff's civil service system all take precedence over section 387.14, which gives sheriffs and county boards the power to appoint and remove deputies and other employees.[3] 320 N.W.2d at 700.

█ There are practical as well as statutory and public policy reasons for allowing a veteran to employ both avenues of redress. The veteran who requests a preference hearing must either be suspended with pay or be allowed to continue in employment until after the hearing.[4] The arbitration process provides no such umbrella. Unions generally will not represent employees at the Veteran's Preference Hearing or on appeal.[5] The employee who loses at the preference hearing may not be able to afford counsel and so may wish to have union representation at the grievance hearings first. The employee who loses at the Veteran's Preference Hearing and thinks the board was not impartial may wish to test that thought on a neutral arbitrator prior to taking an appeal. The employee who again loses may conclude the employer has just cause for termination

2. "The cause must be one which specifically relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. The cause must be one touching the qualifications of the officer or his performance of its duties, showing that he is not a fit or proper person to hold the office." 292 Minn. at 162, 193 N.W.2d at 828.

3. Numerous Minnesota attorneys general have expressed the opinion that probation officers are excluded from the protections of the Veteran's Preference Act. *See* Op.Atty.Gen. 104–B–8, July 24, 1969. The following language is considered dispositive: "Nothing in section 197.455 or this section shall be construed to apply to * * any person holding a strictly confidential relation to the appointing officer." Minn.Stat. § 197.46 (1982). They reason that probation officers are appointed by judges with whom they then hold confidential relationships. While some probation officers are appointed by judges, *see* Minn.Stat. § 260.311, subd. 1 (1982), others are not. In the case at bar, the exclusion does not apply because Hammerberg is employed by the ARC. At any rate, the appointing officer has the burden of establishing a confi-

dential relationship. Minn.Stat. § 197.46 (1982); *State ex rel. Sawyer v. Mangni*, 231 Minn. 457, 464, 43 N.W.2d 775, 779 (1950). Moreover, this court has held that the PELRA definition of "employer" as the governing body having final budgetary approval authority, Minn.Stat. § 179.63, subd. 4, "operates to make the county board the sole employer for the purpose of negotiating [collective bargaining agreements] under PELRA * * *." *General Drivers*, 320 N.W.2d at 700. The same reasoning applies to probation officers for the purposes of Veteran's Preference Hearings.

4. The law dictates that a veteran who is suspended pending discharge proceedings must be kept on the payroll pending his Veteran's Preference Hearing. *Kurtz v. City of Apple Valley*, 290 N.W.2d 171, 173 (Minn.1980). *See also Mitlyng v. Wolff*, 342 N.W.2d 120 (Minn.1984). There is no evidence in the record as to whether Hammerberg was or was not paid a salary up to the time of the hearing.

5. Respondent's brief at 3.

and may drop the appeal. The goals of orderly, speedy, and inexpensive dispute resolution will thus be attained.

ARC contends that dual hearings will violate the principles of collateral estoppel and res judicata. Hammerberg correctly points out that multiple recourse mechanisms are common in the administrative law context, especially in public sector labor matters. One author has characterized this as an "overabundance of forums in which rights may be asserted." *Public Sector Grievance Procedures, Due Process, and the Duty of Fair Representation,* 89 Harv.L.Rev. 752, 753 (1976) (citing H. Wellington & R. Winter, The Unions and the Cities, 158–59 (1970) for extreme examples of multiple administrative hearings over the same just cause dismissal issue). While we recognize the need to streamline dismissal procedures, we cannot do so in the face of statutorily granted rights.

▇▇▇ We have said that res judicata applies "in spirit at least" where an agency acts in a judicial or quasi judicial capacity. *See Souden v. Hopkins Motor Sales, Inc.,* 289 Minn. 138, 146, 182 N.W.2d 668, 672 (1971), and *McKee v. County of Ramsey,* 310 Minn. 192, 194 n. 1, 245 N.W.2d 460, 462 n. 1 (1976). However, "[n]either collateral estoppel nor res judicata is rigidly applied. Both rules are qualified or rejected when their application would contravene an overriding public policy * * *." *Tipler v. E.I. duPont deNemours and Co.,* 443 F.2d 125, 128 (6th Cir.1971). Furthermore, "[a]bsent a special consideration, a determination arising solely under one statute should not automatically be binding when a similar question arises under another stat-

ute." *Id.* at 128–29. We decline to apply res judicata to either veteran's preference hearing determinations or arbitration decisions on the question of "just cause" for termination of a public employee who is a veteran.

Although we hold that the legislature has entitled veterans to have dismissal actions heard by both a Veteran's Preference Board and an arbitrator, we are mindful that problems may arise from such duplicative efforts. The Veteran's Preference Hearing and arbitration may produce conflicting results, as apparently happened when Hammerberg was terminated once before. We suggest that the following procedures may help to reduce the confusion which may arise.

If possible, Veteran's Preference Hearings should take place prior to arbitration. When an appeal from the Veteran's Preference Hearing has been filed, the district court may wish to stay the appeal pending the outcome of arbitration.[6] Then the two proceedings could be consolidated under Rule 42.01 of the Rules of Civil Procedure.[7]

▇▇▇ A complication arises, whether the proceedings are consolidated or heard separately, from the fact that the standards of review differ between the review of a decision of the Veteran's Preference Board and an appeal from an arbitrator's award. In the former, the standard is whether the decision was arbitrary and capricious and without substantial support in the record while in the latter, an award will be vacated only upon proof of one or more of the grounds stated in Minn.Stat. § 572.19 (1982),[8] and not because the court disa-

---

**6.** "The veteran may appeal from the decision of the board upon the charges to the district court by causing written notice of appeal, stating the grounds thereof, to be served upon the governmental subdivision or officer making the charges within 15 days after notice of the decision and by filing the original notice of appeal with proof of service thereof in the office of the clerk of the district court within ten days after service thereof." Minn.Stat. § 197.46 (1982).

**7.** "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all

the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Minn.R.Civ.P. 42.01.

**8.** Minn.Stat. § 572.19 (1982) provides in part:
   Subdivision 1. Upon application of a party, the court shall vacate an award where:
   (1) The award was procured by corruption, fraud or other undue means;
   (2) There was evident partiality by an arbitrator as a neutral or corruption in any of the

grees with the decision on the merits. *Children's Hospital, Inc. v. Minnesota Nurses Association,* 265 N.W.2d 649, 652 (Minn.1978).

If the application for a motion to confirm, modify, correct, or vacate the arbitration award and the appeal from the Veteran's Preference Hearing are consolidated, the district court can determine the issues by applying the appropriate review standard to each administrative determination.[9]

Affirmed.

WAHL, Justice, concurring.

I concur in the opinion of the Chief Justice not because of the wisdom of the procedure but because it is what the legislature permits.

SIMONETT, Justice (concurring specially).

The public employee-veteran has a right to a Veteran's Preference hearing. He also has a right under the collective bargaining contract to have the union contest his proposed discharge in grievance arbitration. There is no reason, however, why the employee should have the right to pursue both remedies. He can weigh the tactical advantages and disadvantages of each forum and then choose the procedure he prefers. We need not, however, decide in this case whether the employee's choosing of a

Veteran's Preference hearing should constitute a waiver of any right to arbitration because the union also has some rights here.

The collective bargaining contract grants the right to invoke the steps of the grievance-arbitration procedure to the respondent union. Presumably, the union insisted on this contract right not only because it represents the employee but because it represents the entire employee unit and, as the exclusive bargaining agent, has an interest in how the labor contract which it negotiated is administered. *Cf. Bowen v. United States Postal Service,* 459 U.S. 212, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983); *Eisen v. State,* 352 N.W.2d 731 (Minn.1984) (a public employee has no right to appeal an unfavorable arbitration award in a discharge case where the union has decided not to appeal the award to district court). In other words, the union has a kind of dual interest, which is why it brings this lawsuit "for Itself and on Behalf of Its Member Employee Carl Hammerberg." Hammerberg is not, it might be noted, a named party to this proceeding.

Consequently, even though Hammerberg has requested and received his Veteran's Preference hearing, it seems to me that the union is not precluded from pursuing its contract right to grievance-arbitration.[1]

---

arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 572.12, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 572.09 and the party did not participate in the arbitration hearing without raising the objection;

But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

9. We note that while an appeal from a Veteran's Preference Hearing goes to the district court, an appeal from the denial of a right to a Veteran's

Preference Hearing goes to the court of appeals under the Administrative Procedure Act. *See* Minn.Stat. § 197.46 (1982); Minn.Stat. § 197.-481, subd. 6 (Supp.1983); Minn.Stat. § 14.63 (Supp.1983).

The legislature may want to consider placing appeals from decisions of the Veteran's Preference Board under the umbrella of the Administrative Procedure Act so that the due process requirements of the Act are applicable and so that those appeals proceed directly to the court of appeals.

1. In the case of a civil service employee, PELRA expressly states such employee has an option of either the grievance procedure or a civil service appeal procedure and provides that "once a written grievance or appeal has been properly filed or submitted by the employee or on the employee's behalf with his consent the employee's right to pursue redress in the alternative manner is terminated." Minn.Stat. § 179.70,

The result is that Hammerberg gets two bites of the apple.

The result, it seems to me, is wasteful and confusing. There is no need to have two separate, independent discharge proceedings. The basic issue involved, regardless of which hearing is held, is whether the public employer has just cause to discharge the employee. The public employer should not be required to prove its case twice. Even respondent in its brief says, "employees and unions are no more anxious to go through repeated procedures than are employers." It should be possible to devise a legislative solution that both preserves the employee's right to choose his remedy for seeking reinstatement and recognizes the union's interest, without having duplicative procedures. But under the wording of this collective bargaining contract and as the law now reads, it seems to me respondent is entitled to an arbitration hearing and, therefore, I concur in the result reached by the majority opinion.

PETERSON, Justice (concurring specially).

I join in the special concurrence of Justice Simonett.

KELLEY, Justice (concurring specially).

I join in the special concurrence of Justice Simonett.

COYNE, Justice (concurring specially).

I join in the special concurrence of Justice Simonett.

subd. 1 (Supp.1983). In this instance, the legislature seems to require the union to abide by

the employee's option.