## STATE EX REL. ROGER W. JENSON v. CIVIL SERVICE COMMISSION, CITY OF MINNEAPOLIS, AND OTHERS.*

130 N. W. (2d) 143.

July 17, 1964—No. 39,172.

*James Malcolm Williams,* for appellant.

*Keith M. Stidd,* City Attorney, and *Arvid M. Falk,* Assistant City Attorney, for respondents.

ROGOSHESKE, JUSTICE.

Relator, an employee of the city of Minneapolis in the public relief division of the Board of Public Welfare, was discharged from his position as a caseworker after notice of charges and a hearing before respondent Civil Service Commission. Upon application he was furnished a transcript and afforded a review of the proceedings by certiorari in the District Court of Hennepin County. Relator appeals from its order affirming the commission's decision.

---

*Certified to U. S. Supreme Court December 22, 1964.

The court determined after a review of the record of the commission's hearing—

"* * * that the evidence was sufficient to furnish a legal and substantial basis for said decision; that the said Commission's actions were reasonable and lawful and were not arbitrary, oppressive, nor unreasonable and that said Commission acted within its jurisdiction."

Relator was hired on November 23, 1959. Under the city's charter provisions[1] and the rules of its Civil Service Commission, and as an honorably discharged veteran entitled to the benefits of Minn. St. 197.46, he could not be removed from his employment except for "incompetency or misconduct" upon "stated charges, in writing" after "due notice" and a hearing before respondent commission.

On December 8, 1961, relator was given written notice by the head of his department charging him with "misconduct" and suspending him without pay pending final action by the commission upon a request for his discharge. He demanded a hearing before the commission and made two successive requests in December 1961 and January 1962 for the details claimed to constitute "misconduct." In response, the department head by two letters set forth as specific examples of the claim of misconduct that relator was insubordinate in refusing to comply with orders and suggestions of his superiors and in exhibiting an attitude toward his work, his superiors, and recipients of public relief which was described as critical and negative and which inhibited his effectiveness and impeded the conduct of public business.

After 3 days of hearings conducted on January 25, February 28, and March 8, at which both sides presented much testimony and a large number of exhibits, the commission on April 12, 1962, made findings approving relator's suspension and discharge. Consistent with the written charges, specific findings of fact were made to the effect that contrary to the instructions of his supervisors relator on specific dates and on other occasions persisted in injecting irrelevant personal comments and criticisms into official case records assigned to him for investigation and report. The commission also found that he willfully

[1] Minneapolis City Charter, c. XIX, § 11.

disobeyed two direct orders of his supervisors to sign his dictation and that he persistently refused to comply with departmental customs, requirements, and procedures.

The discharge of a municipal employee who is protected against arbitrary dismissal by statute or an established civil service system is an administrative function.[2] Judicial review of such proceedings by certiorari is narrowly limited in scope.[3] Where proceedings before the administrative agency vested with final authority are instituted upon a notice which reasonably details the facts claimed to constitute misconduct so that the employee is given fair opportunity to prepare and defend;[4] where the charges made are of a substantial nature directed at the malfeasance or nonfeasance of duties assigned to the employee and which specially relate to and affect the rights and interests of the public;[5] and where the employee is afforded a fair hearing,[6] the findings upon which a discharge is based are to be accepted by the court unless they are unsupported by substantial evidence on the record considered as a whole.[7] Under these rules to which we have long adhered, the administrative agency performs the factfinding function. Conflicts in the testimony and the weight to be given facts and circumstances as well as the inferences reasonably to be drawn therefrom are matters to be resolved by the agency, not the courts. The strictures of this type of judicial review require that both the trial court and this court refrain from substituting their judgment concerning the inferences to be drawn from the evidence for that of the agency. Unless there is manifest injustice, this limitation applies even though

---

[2]State ex rel. McGinnis v. Police Civil Serv. Comm. 253 Minn. 62, 91 N. W. (2d) 154.

[3]Sellin v. City of Duluth, 248 Minn. 333, 80 N. W. (2d) 67; State ex rel. Saari v. State Civil Serv. Bd. 265 Minn. 441, 122 N. W. (2d) 174.

[4]State ex rel. Cochrane v. Peterson, 208 Minn. 361, 294 N. W. 203.

[5]State ex rel. Hart v. Common Council, 53 Minn. 238, 55 N. W. 118; Jacobsen v. Nagel, 255 Minn. 300, 96 N. W. (2d) 569.

[6]State ex rel. Ging v. Board of Education, 213 Minn. 550, 7 N. W. (2d) 544.

[7]State ex rel. Lund v. City of Bemidji, 209 Minn. 91, 295 N. W. 514; Sellin v. City of Duluth, 248 Minn. 333, 80 N. W. (2d) 67.

it may appear that contrary inferences would be better supported or we would be inclined to reach a different result were we the triers of fact.[8]

Contrary to relator's contention, this appeal presents no novel or unusual questions. In essence, all of his 25 assignments of error simply repeat the errors asserted against the respondent before the district court. Upon the record before us, the appeal to this court amounts to no more than an exercise of relator's statutory right to have the administrative proceedings twice reviewed.

From a careful review of the printed record submitted by relator, the supplement thereto supplied by respondent, and the exhibits, we agree with the district court that the proceedings were initiated upon a proper notice sufficiently detailed and adequate in substance and that relator was accorded a fair and full hearing conducted in substantial compliance with the law governing respondent's authority. In connection with relator's contrary contention, he insists that there was unnecessary and oppressive delay in conducting the hearings and in rendering findings. Such delay as occurred appears due to the fact that the commissioners serve part time and customarily meet only 2 days a month. There is no suggestion that the delay was deliberate or any showing that the commission's inability or unwillingness to proceed with greater dispatch was prejudicial to relator's rights.

He further claims the court erred in sustaining his suspension pending determination of the charges. This broad challenge does not make clear whether his complaint is directed against preventing him from performing his duties or against the failure to pay his salary during this period. We find no indication in the record which raised the specific question of whether relator was entitled to be paid pending the commission's decision, and the question was not passed upon by the commission or the court below. Rule X, § 10.01, of the Civil Service Rules of the city authorizes a suspension without pay for "disciplinary purposes" of not to exceed 90 days. Rule XII, § 12.04(e), requires as part of the procedure for discharge that the employee be suspended

---

[8]State ex rel. Lund v. City of Bemidji, *supra;* Sellin v. City of Duluth, *supra.*

without pay "until final action" by the commission. The record discloses that relator was served with separate notices of his suspension without pay. One was a suspension for disciplinary purposes under § 10.01, and the other was a suspension in connection with discharge proceedings initiated under § 12.04.

The latter section appears to conflict with Minn. St. 197.46 as recently construed in Johnson v. Village of Cohasset, 263 Minn. 425, 116 N. W. (2d) 692. In that case we held that in proceedings for discharge governed solely by that section of the Veterans Preference Law a veteran may not be suspended pending a determination of the charges filed against him. Respondent's Civil Service Rules are expressly made subject to § 197.46 by Rule XII, § 12.15. It seems clear that a suspension for disciplinary purposes as authorized by the rules, as well as a suspension with pay pending discharge proceedings, in the sense of interrupting or preventing the performance of assigned duties, does not conflict with the purpose of § 197.46 as declared in the Johnson case. However, if relator's suspension without pay was accomplished as a part of the discharge proceedings, as it appears to have been, he would be entitled to his salary until April 16, 1962, when the commission filed its decision. Since the question of his right to pay was neither clearly asserted nor determined below, the matter is not properly before us for review. It should be noted that relator suffers no prejudice since his right to back pay is not precluded by these proceedings.

Finally, we are of the opinion that there is substantial evidence to support the findings of the commission. The testimony concerning relator's conduct was in direct conflict. There was persuasive testimony by many of his fellow employees that he was a professionally competent, dedicated worker. While some may agree that relator's difficulties stem mainly from personality and philosophical disagreements with his superiors, and thus did not warrant dismissal, such evaluation of the facts is not for this court. The record, as demonstrated by the exhibits, is replete with instances of his pertinacious refusal to follow the instructions of his superiors, to obey orders, and to conform to departmental requirements and procedures deemed important and vital

to the conduct of public business, all of which the commission was at liberty to regard as misconduct justifying dismissal. Under well-established rules governing our review of the sufficiency of the evidence, we see no reason to detail the evidence which we believe supports this conclusion.[9]

Affirmed.

[9]Dempsey v. Meighen, 251 Minn. 562, 90 N. W. (2d) 178.