# EVELYN O. SWENSON v. CIVIL SERVICE COMMISSION, CITY OF MINNEAPOLIS, AND OTHERS.

151 N. W. (2d) 254.

May 19, 1967—No. 40,451.

*Keith M. Stidd,* City Attorney, and *Jerome F. Fitzgerald,* Assistant City Attorney, for appellant.

*John F. Bonner, Jr.,* for respondent.

NELSON, JUSTICE.

Appeal by the Civil Service Commission of the city of Minneapolis from an order of the District Court of Hennepin County reversing an order of the commission discharging relator-respondent, Evelyn O. Swenson.

Relator was employed by the city of Minneapolis as staff nurse assigned to the Minneapolis Workhouse from May 1956 until she was discharged in March 1965. The head of the Division of Corrections, R. W. Stageberg, recommended relator's discharge for the following reasons:

1. Unsatisfactory performance during probationary period;

2. Cruel and abusive treatment and attitude toward workhouse inmates and staff employees as evidenced by screaming derogatory comments;

3. Temperament and personality unsuitable for working with inmates;

4. Suspicious, defensive, and hostile attitude toward supervisors and employees resulting in friction and decrease in efficiency of department.

Relator requested and was granted a hearing before the Minneapolis Civil Service Commission. After considerable testimony was presented, the commission approved the discharge of relator on September 9, 1965. On certiorari the District Court of Hennepin County issued its order on May 31, 1966, reversing the order of the Civil Service Commission, on the grounds that the commission's findings were not supported by the evidence and there was no substantial basis for the discharge, and reinstating relator to her former position. This appeal followed.

■ The legal issue before us is whether there was sufficient evidence presented to the Civil Service Commission to support the findings upon which it determined that relator's discharge was proper. Minn. St. 44.09, subd. 2, provides in part:

"* * * The question to be determined by the court shall be: 'Was

the order of the personnel board reasonably supported by the evidence?' "

In Sellin v. City of Duluth, 248 Minn. 333, 339, 80 N. W. (2d) 67, 72, an action in which a former civil service employee sought reinstatement, the district court tried the case de novo without regard to prior proceedings before the civil service board, making independent findings of fact. There we said:

" * * * The finding of these facts is a function which may not be performed by the court in the first instance as that is a function which must be performed by the administrative body. The function of the court, among other things, is limited to reviewing those findings of fact and from that point determining whether the administrative body had operated under an erroneous theory of law."

This court has said that the function of a board of appeal or referees in hearing charges is quasi-judicial, but its essential nature is administrative. Hughes v. Dept. of Public Safety, 200 Minn. 16, 273 N. W. 618. In the later cases of State ex rel. McGinnis v. Police Civil Serv. Comm. 253 Minn. 62, 91 N. W. (2d) 154, and State ex rel. Jenson v. Civil Serv. Comm. 268 Minn. 536, 130 N. W. (2d) 143, we held that discharge of a municipal employee protected against arbitrary dismissal by statute or an established civil service system is an administrative function.

The principle that a court may not substitute its judgment for that of an administrative agency, if the administrative function is nonjudicial, is well established in this state. See, Steenerson v. G. N. Ry. Co. 69 Minn. 353, 72 N. W. 713. This court in State ex rel. Ging v. Board of Education, 213 Minn. 550, 7 N. W. (2d) 544, made it clear that a court cannot put itself in the place of an administrative agency functioning as in this case, try the matter de novo, and substitute its findings for those of the agency. Cases arising under Minn. St. 197.46, which provides for a right of appeal to the district court from an order of a civil service commission in cases involving veterans, have taken the same view as that expressed in the Sellin and Ging cases. In State

ex rel. McGinnis v. Police Civil Serv. Comm. 253 Minn. 62, 66, 91 N. W. (2d) 154, 157, we held:

"This court has long recognized that a court must not exercise non-judicial functions by setting aside legislative or administrative orders without limiting its inquiry to the reasonableness of that order. [Citations omitted.]"

■ In the recent case of State ex rel. Jenson v. Civil Serv. Comm. 268 Minn. 536, 538, 130 N. W. (2d) 143, 145, this court said:

"The discharge of a municipal employee who is protected against arbitrary dismissal by statute or an established civil service system is an administrative function. Judicial review of such proceedings by certiorari is narrowly limited in scope. Where proceedings before the administrative agency vested with final authority are instituted upon a notice which reasonably details the facts claimed to constitute misconduct so that the employee is given fair opportunity to prepare and defend; where the charges made are of a substantial nature directed at the malfeasance or nonfeasance of duties assigned to the employee and which specially relate to and affect the rights and interests of the public; and where the employee is afforded a fair hearing, the findings upon which a discharge is based are to be accepted by the court unless they are unsupported by substantial evidence on the record considered as a whole. Under these rules to which we have long adhered, the administrative agency performs the factfinding function. Conflicts in the testimony and the weight to be given facts and circumstances as well as the inferences reasonably to be drawn therefrom are matters to be resolved by the agency, not the courts. The strictures of this type of judicial review require that both the trial court and this court refrain from substituting their judgment concerning the inferences to be drawn from the evidence for that of the agency. Unless there is manifest injustice, this limitation applies even though it may appear that contrary inferences would be better supported or we would be inclined to reach a different result were we the triers of fact."

■ Applying the principles set forth in the cases herein cited, we

are of the opinion that there is substantial evidence to reasonably support the findings of the commission. As in the Jenson case, the testimony concerning relator's conduct was in direct conflict. There was persuasive testimony by many of relator's fellow employees that she was professionally competent and a dedicated worker. There was testimony, not only by inmates of the institution but also by the superintendent and supervisors, that relator was at times guilty of cruel and abusive treatment and that she made derogatory comments in treating inmates, none of which was refuted by relator. Warnings and orders to desist from such conduct on the part of the superintendent and supervisors failed to bring about a change.

The record contains testimony concerning relator's refusal to comply with the instructions of her superiors and to conform to departmental requirements and procedures, all of which testimony the commission was free to regard as misconduct in determining the issue of whether the charge of misconduct was reasonably supported by the evidence as a whole. Such an evaluation of the fact issues was a matter to be resolved by the commission and not the courts. As we said in the Jenson case, the strictures applicable to this type of judicial review require that, in the absence of manifest injustice, both the trial court and this court refrain from substituting their judgment concerning the inferences to be drawn from the evidence for that of the agency.

Our conclusion is that the district court erred in reversing the order of the Civil Service Commission, since the evidence with the inferences permissible therefrom was sufficient to support the commission's findings and order of discharge.

Reversed.