**In the Matter of Arbitration COUNTY OF CASS, Walker, Minnesota,**

**and**

**LAW ENFORCEMENT LABOR SERVICES, INC., Bloomington, Minnesota.**

No. C0–84–24.

Court of Appeals of Minnesota.

Aug. 7, 1984.

Kimball D. Mattson, Mattson & Finn, Walker, for appellant.

Peter Bergstrom, St. Paul, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and SEDGWICK, and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Appellant Finn filed a grievance challenging his discharge as a Cass County Deputy Sheriff for misconduct. After a hearing the arbitrator denied Finn's grievance and found he was properly discharged. Finn appeals from the trial court's order confirming the arbitrator's award and denying his motion to vacate the award.

We affirm.

## FACTS

In 1977 Cass County hired appellant Finn, an honorably discharged veteran, to be a deputy sheriff. Deputy Finn then joined the local chapter of Law Enforcement Labor Services, Inc. (LELS), which had entered a collective bargaining agreement (CBA) with Cass County pursuant to the Public Employment Labor Relations Act (PELRA). The CBA provided grievance procedures through arbitration for LELS members.

In January 1980 Cass County notified Finn of its intent to discharge him for misconduct. In February 1980 LELS requested an arbitration hearing under the CBA grievance procedures to review the grounds for Finn's discharge. However, the Cass County Sheriff, Louis Chalich, obtained an injunction in October 1980 restraining arbitration. LELS appealed and the Minnesota Supreme Court reversed vacating the injunction on May 21, 1982. *See, Chalich v. Jacobs,* reported in *General Drivers, Local #346 v. Aitkin County Board,* 320 N.W.2d 695 (Minn.1982) (*General Drivers* involved terminated deputy sheriffs of Aitkin, Cass, and Pope counties whose separate cases were consolidated because of the similarity of facts and legal issues).

In March 1983 the parties participated in an arbitration hearing. The arbitrator denied Finn's grievance on June 3, 1983. Finn moved the trial court for an order vacating the arbitrator's award on August 13, 1983.

Cass County then moved for summary judgment confirming the arbitrator's award and requested attorney's fees. On October 14, 1983 the court heard the motions and on December 2, 1983 filed an order confirming the arbitrator's award and denying the other motions. From that order Deputy Finn appeals to this court.

## ISSUES

1. Did the arbitrator apply the correct discharge standard?

2. Is Finn entitled to back pay under the Veterans Preference Act?

3. Did the arbitrator err in failing to make findings of fact?

## ANALYSIS

■ Three separate statutory or contract provisions give Finn the right to some kind of discharge hearing: the Veterans Preference Act (VPA) Minn.Stat. § 197.46 (1982), the sheriff's civil service system under Minn.Stat. §§ 387.31–387.45 (1982), and the collective bargaining agreement (CBA) negotiated under the Public Employment Labor Relations Act (PELRA) Minn.Stat. §§ 179.61–179.76 (1982). The supreme court decided that:

Deputy Finn is ... entitled to the protection of both PELRA and the sheriff's civil service system in Cass County. He cannot proceed under both, but may elect to chose (sic) the protection of the CBA as he has done and proceed to arbitration under that agreement.

*General Drivers, Local #346 v. Aitkin County Board,* 320 N.W.2d at 702. The supreme court did not discuss Finn's rights under the VPA because Finn did not assert those rights until later. In a separate case also decided in the *General Drivers* opinion, the supreme court held:

[A veteran-deputy] is entitled to the protection of the CBA negotiated subject to PELRA and to the protection of the Veterans Preference Act. Since the rights under [the Veterans Preference Act] are largely incorporated and protected in the former, no separate hearings need be held and [a veteran-deputy] may proceed under the grievance procedures contained in the CBA.

*General Drivers,* 320 N.W.2d at 701.

Finn recognizes that his VPA rights, his CBA rights, and his civil service rights may all be considered in one hearing. Finn argues, however, that the arbitrator's award should be vacated because the arbitrator did not consider his special rights under the VPA. Specifically Finn points to two rights: 1) a right to review of his discharge under a misconduct standard (as opposed to the just cause standard used by the arbitrator) and 2) a right to salary payment until the discharge is determined under that standard. Finn also contends the arbitrator's award should be vacated because the arbitrator made no findings of fact.

Cass County argues that misconduct is the same as just cause. It argues that Finn is not entitled to back pay because he elected arbitration. Finally, it contends that the arbitrator's award is proper despite no specific findings of fact.

*The standard for discharge*

Finn claims the standard prescribed for discharging veterans under the VPA is higher than the "just cause" standard taken from the CBA which the arbitrator applied. Finn also criticizes the arbitrator for relying on a definition of just cause taken from arbitral common law. Therefore, he asks that the arbitrator's award be vacated.

■ Under the VPA a veteran can only be removed from a public employment position upon a showing of "incompetency or misconduct." Minn.Stat. § 197.46 (1980). In *Ekstedt v. Village of New Hope,* 292 Minn. 152, 193 N.W.2d 821 (1972) the Minnesota Supreme Court compared the meaning of the term "just cause" as used in one statute and the term "misconduct" as used in the VPA:

Under the applicable statutes the respondents could only be discharged for just cause or for misconduct. Minn.St. 44.08, 197.46. There does not appear to be any significant difference between those two phrases; hence, the standards to be applied to them are similar. In [two Minnesota cases decided in 1969] the term "just cause" was discussed, and both cases quote language from *State ex rel. Hart v. Common Council,* 53 Minn. 238, 244, 55 N.W. 118, 120 (1893), as follows:

"* * * 'Cause,' or 'sufficient cause,' means 'legal cause,' and not any cause which the council may think sufficient. The cause must be one which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. The cause must be one touching the qualifications of the officer or his performance of its duties, showing that he is not a fit or proper person to hold the office. An attempt to remove an officer for any cause not affecting his competency or fitness would be an excess of power, and equivalent to an arbitrary removal. In the absence of any statutory specification the sufficiency of the cause should be determined with reference to the character of the office, and the qualifications necessary to fill it."

*Id.* at 162–63, 193 N.W.2d at 827–28. *See also, Leininger v. City of Bloomington,* 299 N.W.2d 723, 726 (Minn.1980).

■ This quote shows that no "significant difference" exists between just cause and misconduct. Further, the arbitrator continually referred in his opinion to Finn's behavior in terms of "misconduct." While the arbitrator relied upon arbitral common law, he also cited the above quoted passage from *State ex rel. Hart.* Finn's argument that he should be given a new hearing to determine whether there was misconduct is without merit.

*Finn's claim for salary payments*

Finn argues that the award of the arbitrator should be vacated because the arbitrator did not award him back pay for the time he waited for the arbitration hearing. Cass County argues that Finn waived any right he may have had to back pay under the VPA by electing arbitration under the CBA instead of a hearing under the VPA. The trial court agreed with Cass County and held Finn lost his claim to back pay under the election of remedies doctrine.

*General Drivers* did not decide this controversy. The court there held that a veteran deputy can elect to have his discharge reviewed in either of three ways: (1) by arbitration, (2) in a sheriff's civil service hearing, or (3) in a hearing provided by the VPA. However, the court did not discuss a veteran's right to salary while awaiting any of these hearings.

The VPA states that no veteran can be discharged until there is a hearing and a determination that discharge is justified. Minn.Stat. § 197.46. The cases interpreting this section hold that a veteran is entitled to his salary until there is a discharge hearing. *Johnson v. Village of Cohasset,* 263 Minn. 425, 436–37, 116 N.W.2d 692, 700 (1962); *Kurtz v. City of Apple Valley,* 290 N.W.2d 171, 173 (Minn.1980).

■ Section 197.46 of the VPA also specifies that:

All officers, boards, commissions, and employees shall conform to, comply with, and aid in all proper ways in carrying into effect the provisions of section 197.-455 and this section notwithstanding any laws, charter provisions, ordinances or rules to the contrary.

This language contradicts an election of remedies rule. It implies that Finn's election of arbitration to review his discharge does not mean he loses his rights under sections 197.46 or 197.455 of the VPA. Furthermore, the CBA provides:

ARTICLE VIII. Prevailing Rights

Section 1. All benefits, rights and privileges now in effect for employees and not specifically contained in this Agreement shall remain in full force and effect, without change or termination by the Employer.

ARTICLE IX. Savings

Section 1. This agreement is subject to the laws of the United States and the State of Minnesota.

These provisions strengthen Finn's argument that he is entitled to back pay despite choosing to arbitrate.

*Justiciability of Finn's claim for salary payments on appeal*

■ The arbitrator's opinion indicates that Finn did not raise his claim for back pay at the arbitration hearing. The trial court's memorandum states that a claim for back pay was only made during Finn's motion to vacate the arbitrator's award. Although Finn may have a valid claim for unpaid salary, that claim should be handled in a separate action. In *State ex rel. Jenson v. Civil Service Commission,* 268 Minn. 536, 130 N.W.2d 143 (1964) the supreme court faced a similar issue. There a veteran had been suspended pending a civil service discharge hearing. The court said:

[I]f relator's suspension without pay was accomplished as a part of the discharge proceedings, as it appears to have been, he would be entitled to his salary until April 16, 1962, when the commission filed its decision. Since the question of his right to pay was neither clearly asserted

nor determined below, the matter is not properly before us for review. It should be noted that relator suffers no prejudice since his right to back pay is not precluded by these proceedings. *Id.* at 540, 130 N.W.2d at 147.

■ It appears from this passage that Finn is not barred from bringing a separate action for recovery of back pay. Here, as in *Jenson*, Finn sought a review of the basis for his discharge. As in *Jenson*, the discharge was justified. The fact that Finn had his discharge arbitrated and Jenson had his discharge reviewed in a civil service hearing does not make the *Jenson* ruling inapplicable here.

*Findings of fact*

Finn argues that the arbitrator's award should be vacated for failure to make specific findings of fact. He claims that without specific findings of fact the arbitrator's decision cannot be reviewed. Cass County responds that the arbitrator's decision contains sufficient findings of fact. The county also points to Finn's failure to dispute many of the factual allegations. Finally, the county argues that any deficiency in the findings is not a basis for vacating an award under Minn.Stat., § 572.19 subd. 1 (1982) (the Uniform Arbitration Act).

■ Arbitration awards should be vacated only on limited grounds. Minn.Stat. § 572.19 subd. 1. The supreme court has expressed its approach to arbitration appeals:

> We have consistently recognized that the Uniform Act is to be liberally interpreted and applied, noting that its basic intent is " * * * to discourage litigation and to foster speedy, informal and relatively inexpensive procedures for the voluntary resolution of disputes in a forum created, controlled, and administered by the written arbitration agreement."

*Dunshee v. State Farm Mutual Auto. Ins. Co.*, 303 Minn. 473, 481, 228 N.W.2d 567, 572 (1975). (citations omitted)

Consistent with the policy of fostering arbitration of labor disputes, judicial intervention has been carefully circum-

scribed by this court. In reviewing arbitration awards, we stated:

> The scope of the arbitrators' powers is a matter of contract to be determined from the reading of the parties' arbitration agreement, and an arbitrators' award will be set aside by the courts only when the objecting party meets its burden of proof that the arbitrators have clearly exceeded the powers granted to them in the arbitration agreement; courts will not overturn an award merely because they may disagree with the arbitrators' decision on the merits.

(citations omitted)

*Ramsey County v. AFSCME, Council 91, Local 8*, 309 N.W.2d 785, 789–90 (Minn. 1981).

■ No Minnesota cases have decided whether arbitrators must make findings of fact but, consistent with Minnesota's policy of limiting the review of arbitrator's decisions, other courts have held that arbitrators need not make findings of fact or reveal their reasoning to support their decision. *General Construction Co. v. Hering Realty Co.*, 201 F.Supp. 487 (D.S.C.1962), *appeal dismissed*, 312 F.2d 538 (4th Cir. 1963). In *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962) the Court held that arbitrators need not give their reasons or keep the type of record required in a court trial. In *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211 (2nd Cir.1972) the second circuit held that a rule requiring findings of fact and disclosure of reasoning would subvert the purpose of arbitrating: quick, efficient means of dispute settlement. We find the factual basis for Finn's discharge adequately presented in the arbitrator's award and opinion.

**DECISION**

We hold that the trial court correctly confirmed the arbitrator's award allowing Finn to be discharged from his position as a deputy sheriff. We find Finn's claim that Cass County must pay his salary un-

der the Veteran's Preference Act was not properly raised below and not justiciable on appeal.

Affirmed.