Howard F. YOUNG,
Petitioner, Appellant,

v.

CITY OF DULUTH, Respondent.

No. C9–84–2175.

Court of Appeals of Minnesota.

Aug. 6, 1985.

Review Granted Oct. 11, 1985.

Joseph J. Roby, Jr., Johnson, Fredin, Kinnen, Thibodeau & Seiler, P.A., Duluth, for appellant.

Bryan F. Brown, Deputy City Atty., Duluth, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and WOZNIAK and RANDALL, JJ.

## OPINION

WOZNIAK, Judge.

Howard F. Young appeals from an order denying his application for a writ of mandamus. Young, a discharged veteran, sought a writ requiring the City of Duluth to engage in a veterans' preference hearing and to reinstate him with back pay and benefits. The trial court denied Young's requested relief because he did not demand a hearing within 60 days of being notified of his discharge. We reverse and remand.

## FACTS

Howard F. Young is an honorably discharged veteran of the United States military forces. He is protected by the Veter-

ans' Preference Act (VPA), Minn.Stat. § 197.46 (1980). The VPA provides:

Any person whose rights may be in any way prejudiced contrary to any of the provisions of this section, shall be entitled to a writ of mandamus to remedy the wrong. No person holding a position by appointment or employment in the several counties, cities, towns, school districts and all other political subdivisions in the state, who is a veteran separated from the military service under honorable conditions, shall be removed from such position or employment *except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing.*

*Any veteran who has been notified of the intent to discharge him from an appointed position or employment pursuant to this section shall be notified in writing of such intent to discharge and of his right to request a hearing within 60 days of receipt of the notice of intent to discharge.* The failure of a veteran to request a hearing within the provided 60-day period shall constitute a waiver of his right to a hearing. Such failure shall also waive all other available legal remedies for reinstatement.

Minn.Stat. § 197.46 (1980) (emphasis added).

In 1968, the City of Duluth hired Young to work in its personnel department. He began in the Concentrated Employment Program, later was promoted to Director of Operation Mainstream, and, in 1978, was given the title of On the Job Training Manager. From that position, he was moved to the CETA program.

In 1981, the city substantially cut back the CETA program. By letter dated September 16, 1981, Young was informed that he was "laid off" effective ten working days from the date of receipt of the letter. The notice did not fully comply with the VPA in that it did not alert Young in writing to his right to a veterans' preference hearing. Nor did the lay-off notice contain stated charges, in writing, as required by the VPA.

Young was aware of his right to a veteran's hearing, however. He had discussed his rights and options under the veterans' law with union officials and a lawyer and decided not to request a veteran's hearing.

Young chose instead to demand a grievance arbitration hearing pursuant to the collective bargaining agreement that his union had entered into with the city. The arbitrator determined that the City of Duluth did not violate the terms of the collective bargaining agreement when it discharged Young and five other employees.

By summons and petition served upon the city on October 27, 1983, more than two years after being terminated, Young alleged that he was removed from his position contrary to the terms of the VPA, and demanded a hearing. It is undisputed that Young knew of his right to demand a hearing back in 1981.

Pursuant to agreement between counsel, the summons and petition were treated as a type of alternative writ of mandamus in the sense that the city was to be given a chance, through discovery and a hearing, to show cause why a peremptory writ of mandamus should not issue.

After two days of trial, the court denied Young's petition on November 30, 1984. The trial court determined that Young's VPA rights were violated, but that he did not timely assert those rights.

It is undisputed that Young was not involved in misconduct or incompetency, the only two grounds the VPA allows for removal of a veteran from public employment.

## ISSUES

1. Did the trial court err in determining that Young's knowledge of his right to a hearing relieved the city of its statutorily-imposed duty to notify him of that right?

2. Did the trial court properly determine that Young was a terminated employee protected by the VPA?

3. Is Young entitled to both a hearing pursuant to the collective bargaining agreement and a VPA hearing?

### ANALYSIS

#### I.

Before discharging a veteran, a public employer must notify the veteran, in writing, of its intent to discharge him and of his right to a hearing. The veteran then has 60 days to demand the hearing. Minn. Stat. § 197.46 (1980).

Here, the city's September 16 letter notified Young of its intent to terminate him. The letter did not, however, inform Young of his right to demand a veteran's hearing. The trial court determined that this defect in the notice was inconsequential: "The failure of the Respondent to set forth in writing that the Petitioner was entitled to a Veterans' Preference Hearing was and is immaterial because of the equal knowledge of the Petitioner concerning his own rights."

█ We disagree with the trial court. Young's demand for a hearing is not untimely. The 60-day time period never began running because the city never informed Young of his right to demand that hearing.

The purpose of the notice requirement is to make certain that the veteran is made aware of his right to a hearing. It seems the trial court concluded that, because the purpose of the notice requirement was satisfied (Young knew of his right to a veteran's hearing), the city's noncompliance was immaterial.

█ This notice requirement cannot be dismissed quite so simply. Although it is quite clear that in this case the purpose of alerting the petitioner to his rights was fulfilled, we are concerned about the case which is not as clear. Should a veteran be required to meet the difficult burden of rebutting evidence tending to establish knowledge of his rights? We think not. The notice requirement must be strictly enforced.

This issue, in a somewhat different form, was considered by the Minnesota Supreme Court in *State ex rel. Sprague v. Heise*, 243 Minn. 367, 67 N.W.2d 907 (Minn.1954). Under similar facts where a terminated veteran asserted his right to a hearing, the defendant village asserted a time bar to the veteran's claim. The statute then in effect authorized a veteran to appeal within 15 days after notice of a decision following a VPA hearing. Since the veteran was never given any hearing, the supreme court held that the 15-day limitation had no application. The court stated:

He is entitled to appeal within 15 days after notice of a decision after such hearing. Here he was never given any hearing; consequently, there has been no notice of a decision based on such hearing and the provisions relating to a 15-day limitation on his right to appeal have no application.

*Sprague*, 243 Minn. at 370, 67 N.W.2d at 910.

The city argues that *Sprague* has no application to our facts because in *Sprague* one person stepped into the job of another, whereas here, Young's position was eliminated.

We recognize that the two cases present different fact situations. However, we find the principle of law equally applicable under both sets of circumstances. In *Sprague*, the veteran was entitled to appeal within 15 days after notice of a decision following a discharge hearing, and, because he was never given a hearing, the time period never began to run. Here, Young had 60 days within which to demand a veteran's hearing after written notice of his right to that hearing. Because he was never given that notice, the 60-day period never began to run. The trial court must be reversed.

#### II.

The parties are in disagreement over the significance of one of the trial court's findings of fact. This finding states: "The 'Lay Off Notice,' in reality, was a termi-

nation for cause not attributable to the Petitioner * * *."

The city argues that the court found that Young was "laid off"; Young argues that the court found that he was terminated from his employment. The city contends that this distinction is important insofar as a VPA hearing is available only to veterans "removed" from their positions, and not to "laid off" veterans.

We are certain that the court determined that Young was terminated and that he therefore was entitled to a veteran's hearing. The trial court's memorandum makes this point clear; in it, the court sympathizes with Young, recognizing that although he had the right to a hearing, he lost that right by failing to make a timely demand.

### III.

Two separate authorities afford Young the right to a discharge hearing: the VPA and the collective bargaining agreement (CBA) negotiated under the Public Employment Labor Relations Act (PELRA), Minn.Stat. §§ 179.61–.76 (1980). The hearings provided by the two authorities are very similar. The "just cause" standard for which an employee can be discharged under PELRA and the "incompetency or misconduct" standard for discharge under the VPA are equivalent. *In re Arbitration County of Cass and Law Enforcement Labor*, 353 N.W.2d 627 (Minn.Ct.App. Aug. 7, 1984). The supreme court has determined, however, that "despite the equivalence of the two hearing procedures, when both are properly conducted, there are strong public policies which dictate allowing a veteran to elect both hearings." *AFSCME Council 96 v. Arrowhead Regional Corrections Board*, 356 N.W.2d 295, 298 (Minn.1984). Therefore, the fact that Young has already had his situation reviewed at a CBA hearing does not derogate his right to a hearing pursuant to the VPA.

### DECISION

Young is entitled to a hearing pursuant to the veterans' preference act. However, because it is undisputed that he was not incompetent or involved in misconduct, the need for a hearing is obviated.

A writ of mandamus must issue commanding the City of Duluth to reinstate Young to his former position or to such other position he would have attained through promotion had he not been removed. He shall also receive all back pay and benefits from the date of his removal to the date of reinstatement.

Reversed and remanded.