**In the Matter of John LaFOND.**

No. CX–86–83.

Court of Appeals of Minnesota.

July 1, 1986.·

Mark W. Gehan, St. Paul, for John La-Fond.

James E. Anderson, Le Sueur, for City.

Heard, considered, and decided by POPO-VICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

On December 18, 1984, two women, T.F. and P.L., filed complaints with the Le Sueur police chief against appellant, John La-Fond, alleging misconduct by LaFond while on and off duty. The women alleged that appellant had sexual relations with them at different times. Additional allegations surfaced regarding appellant's unauthorized use of the municipal swimming pool.

Police Chief Thorau conducted an investigation, and, on January 18, 1985, held a hearing on the allegations. Based on the investigation, Thorau concluded that appel-

lant had committed misconduct by: engaging in conduct unbecoming a police officer, neglect of duty, inefficiency, and disobedience of orders; misusing or abusing of official position; failing to comply with regulations; committing unprofessional actions; making false, improper, or incomplete reports; and improperly using city vehicles. Thorau suspended appellant with pay until his position was terminated, in accordance with his rights under the Veterans' Preference Act, Minn.Stat. § 197.46 (1984).

An appeal hearing was conducted in accordance with Minn.Stat. § 197.46. The appeal panel affirmed Thorau's termination of appellant. However, the panel did not accept Thorau's reasons and adopted its own:

> City's Exhibit 3 contains allegations of neglect of duty and unauthorized use of City property. With respect to the allegations within City's Exhibit 3 that John LaFond engaged in extramarital sexual activity, Le Sueur Police Chief Harry Thorau testified that the gravamen of those allegations lies in the officer's neglect of duty, or unavailability for duty, rather than the sexual activity which caused the neglect or unavailability. The Panel does not accept this analysis but rather finds that extra-marital sexual activity of a police officer while on duty is the gravamen of the offense.

Appellant appealed to district court, claiming the veterans' appeal panel findings were not supported by the record, that the findings did not warrant discharge for misconduct, that the panel abused its discretion by characterizing the offense differently than had Chief Thorau; and that appellant did not receive adequate notice that the charged activities would result in discharge.

The district court upheld the discharge. The court's findings of fact agreed with the appeal panel's findings. The court found that the panel's findings were supported by substantial evidence on the record as a whole; that appellant's acts constituted "misconduct" as used in the Veterans'

Preference Act, Minn.Stat. § 197.46; that the appeal panel did not abuse its discretion in characterizing appellant's offense in a manner different from the police chief's characterization; and that appellant had adequate notice that his activities would result in a discharge. Appellant appeals from the district court judgment. We affirm.

## FACTS

On December 18, 1984, T.F. and P.L. filed written complaints with Le Sueur Police Chief Harry Thorau alleging misconduct by appellant. One of the women alleged that appellant took her to the Le Sueur Community Center swimming pool and to the Le Sueur Municipal Airport while appellant was on duty, and had sexual relations with her. The swimming pool was closed at the times the couple entered, and appellant gained access by using his police key. The other woman's complaint related similar facts. According to Chief Thorau, appellant admitted that the facts, as alleged, were true. Appellant denies admitting the allegations. In addition to the complaints of P.L. and T.F., the evidence showed appellant used the municipal pool after hours with other women, gaining access to the pool with his police key.

Chief Thorau made amended findings shortly after issuing his initial findings. These findings contained additional allegations that appellant used the pool without authorization. Thorau also found that appellant had handcuffed P.L. and threatened her at gunpoint; that he had threatened P.L. over the phone; that appellant had instructed P.L. to call the police dispatcher one evening to complain about a prowler, which would have resulted in appellant being dispatched to P.L.'s home; and that during that same time appellant had sex with P.L. The dispatcher's report states that no prowler report was made that evening.

Appellant served in the United States Air Force from 1965 to 1969 and was honorably discharged. As such he was entitled to a hearing before a veterans' appeal panel,

pursuant to Minn.Stat. § 197.46. The panel conducted a hearing on the record and made specific findings on each allegation in the original complaints but not for the allegations in Thorau's amended order. The appeal panel found that the acts constituted misconduct within the meaning of Minn. Stat. § 197.46, and it upheld Thorau's termination of appellant. The panel rejected Thorau's analysis that neglect of duty was the gravamen of appellant's offense, and instead, it found that extramarital sexual activity by appellant was the gravamen of the offense.

The district court found the appeal panel's findings were supported by the record; that the acts under the circumstances constituted misconduct under the Veterans' Preference Act, and that appellant's discharge was appropriate. The court also found that the appeal panel did not abuse its discretion by characterizing the offense differently from Chief Thorau and that the panel was entitled to rely on the allegations in the complaint. The court found that appellant had adequate notice that his acts would result in discharge.

### ISSUES

1. Did the district court properly conclude that the veterans' appeal panel was not bound by Le Sueur's personnel policies?

2. Does substantial evidence support the panel's decision that appellant's acts constituted misconduct and grounds for termination?

### ANALYSIS

#### I.

*Standard of Review*

Appellant argues that the veterans' appeal panel was bound by the standards employed by the Le Sueur police chief in terminating appellant. The Le Sueur policy manual for dispute resolution directs the chief to conduct an investigation and states:

[i]f the complaint is sustained, the Chief of Police shall take appropriate disciplinary action. Such action shall be based on the investigative report and the accused member's service record and shall be in conformance with any applicable contract or other rule or regulations relating to discipline of members. The disciplinary action may include counseling, remedial education, an oral reprimand, a written reprimand, suspension with or without pay, demotion or discharge.

An officer may be discharged only for cause:

"Cause" or "sufficient cause" means "legal cause" and not any cause which the council may think sufficient. The cause must be one which specially relates to and affects the administration of the office and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. The cause must be one touching the qualifications of the officer or his performance of his duties, showing that he is not a fit or proper person to hold the office. An attempt to remove an officer for any cause not affecting his competency or fitness would be an excess of power, and equivalent to an arbitrary removal. In the absence of any statutory specification the sufficiency of the cause should be determined with reference to the character of the office, and the qualifications necessary to fill it.

*State ex rel Hart v. Common Council,* 53 Minn. 238, 244, 55 N.W. 118, 120 (1893). Appellant argues that this language controls the veterans' appeal panel's determination of misconduct. While this language may apply to the initial discharge hearing conducted by the police chief, Minn.Stat. § 197.46 controls veterans' appeal panel hearings:

No person holding a position by appointment or employment in the several counties, cities, towns, school districts and all other political subdivisions in the state, who is a veteran separated from the military service under honorable conditions, shall be removed from such position or employment except for incompe-

tency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing.

*Id.* "[W]here the employee is afforded a fair hearing, the findings upon which a discharge is based are to be accepted by the court unless they are unsupported by substantial evidence on the record considered as a whole." *State ex rel Jenson v. Civil Service Commission of the City of Minneapolis,* 268 Minn. 536, 538, 130 N.W.2d 143, 146 (1964). The trial court and this court must refrain from substituting their judgment concerning inferences to be drawn from the evidence for that of the panel. *Id.* Case law defines "substantial evidence":

> We view that by the "substantial evidence" test is meant: 1) such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; 2) more than a scintilla of evidence; 3) more than "some evidence"; 4) more than "any evidence"; and 5) evidence considered in its entirety. There are correlative rules or principles that must be recognized by a reviewing court, such as: 1) unless manifestly unjust, inferences must be accepted even though it may appear that contrary inferences would be better supported; 2) substantial judicial deference to the fact-finding processes of the administrative agency; and 3) the burden is upon the appellant to establish that the findings of the agency are not supported by the evidence in the record, considered in its entirety.

*City of St. Paul v. Harding,* 356 N.W.2d 319, 321–22 (Minn.Ct.App.1984).

■ We hold that the veterans' appeal panel constituted under Minn.Stat. § 197.46 is bound by the misconduct standard, and that it must find misconduct based on substantial evidence. This inquiry is separate from the inquiry made by the police department. The police department properly applied its policies and departmental rules. The district court did not err in affirming the appeal panel's findings.

## II.

### *Sufficiency of the Evidence.*

■ Appellant argues that the appeal panel may not affirm his dismissal because the offenses he committed were only "infractions," not "major violations" of departmental rules. While the departmental rules distinguish between "infractions" and "major violations," nowhere does the manual state that employees may be discharged for "major violations" but not "infractions." We hold that the police chief properly terminated appellant's employment.

■ Appellant argues that the appeal panel committed reversible error by failing to adopt the reasons Chief Thorau gave for terminating appellant. Thorau terminated appellant for matters involving neglect of duty, while the appeal panel found the gravamen of the charges against appellant involved sexual misconduct.

Citing *Southern Municipal Power Agency v. Schrader,* 380 N.W.2d 169 (Minn.Ct.App.) *pet. for rev. granted* (Mar. 21, 1986), appellant argues that the appeal panel could not deviate from the reasons for appellant's termination given by the chief of police by imposing its own rationale. He argues that the review panel must review the case according to the rationale given by the police chief. The thrust of his argument is that because the appeal panel made its findings based on sexual misconduct, rather than neglect of duty, appellant did not have notice of the charges. Both the City and the district court point out that the police chief's inquiry and the appeal panel inquiry focused on the sexual misconduct charges and unauthorized use of the municipal pool charges. This modification by the appeal panel did not prejudice appellant. Both the police chief and the appeals panel heard evidence on the same charges in reaching their conclusion. Moreover, the police chief's conclusions about the gravamen of the charges is a characterization and is not substantively different from that of the appeal panel.

Appellant claimed he did not neglect his duty because he was still in radio contact with the station while he was engaged in the questioned activity. However, the chief of police correctly found that appellant was less able to respond to calls than if he were in his patrol car. He would not be able to render assistance to citizens, nor to stop in-progress crime, as quickly from the swimming pool as if he had been at his post.

Upon reviewing the record, we hold that substantial evidence supported the appeal panel's findings. The panel and the district court acted within their discretion in determining that appellant's acts constituted misconduct under the Veterans' Preference Act.

### DECISION

The trial court properly affirmed the veterans' appeal panel decision. Sufficient evidence supported the panel's finding of misconduct. The panel properly upheld appellant's termination from employment.

Affirmed.