Lucius JOHNSON, Relator,

v.

**COUNTY OF ANOKA, Respondent.**

No. CX–95–625.

Court of Appeals of Minnesota.

Aug. 22, 1995.

Review Denied Sept. 28, 1995.

Jesse Gant, III, Minneapolis, for relator.

Robert M.A. Johnson, Anoka County Atty., Marcy S. Crain, Thomas G. Haluska, Asst. County Attys., Anoka, Gina G. Washburn, Executive Director, Minnesota County Atty. Ass'n, St. Paul, for respondent.

John J. March, Asst. Hennepin County Atty., Minneapolis, for amicus curiae Minnesota County Atty. Ass'n.

Carla J. Heyl, League of Minnesota Cities, Shoreview, for amicus curiae League of Minnesota Cities.

Considered and decided by AMUNDSON, P.J., and SHORT and DAVIES, JJ.

## OPINION

AMUNDSON, Judge.

By writ of certiorari, relator Lucius Johnson challenges the decision of the Minnesota Department of Veterans Affairs awarding him damages, arguing that (1) the award is insufficient, (2) the county failed to prove lack of mitigation of damages, and (3) he is entitled to reinstatement. Anoka County filed a notice of review, arguing that Johnson is not entitled to veterans preference rights or, in the alternative, that Johnson's claim is barred by the statute of limitations or laches. We reverse.

## FACTS

Relator Lucius Johnson is an honorably discharged veteran. Johnson began working for respondent Anoka County in 1974 as a property tax appraiser. From 1981 until Johnson resigned, Edward Thurston was Johnson's immediate supervisor.

At first, Johnson's supervisor considered him "methodical" and "conscientious" as an employee. In 1981, the county went from a manual appraisal system to a computer-assisted system. Johnson apparently had trouble adjusting to this system, and his work performance suffered. On November 2, 1983, Gayle Leone, the county assessor, suspended Johnson for five days without pay. The notice stated that the suspension was for incompetency or inefficiency. The notice further stated:

> In a period of thirty days after your suspension, you must demonstrate an ability to fully understand the Anoka County Appraisal System. * * * If the improvement in your work habits and ability is not demonstrated within the thirty calendar day time period, I will have no recourse other than to terminate your employment with Anoka County.

Although Johnson apparently showed no improvement, he was not terminated after 30 days. According to Leone, the county did not terminate Johnson at that time to "try to

give him every possible chance" to understand the computer system.

In early March 1984, Leone stated it had gotten to the point where they "couldn't wait any longer." Leone stated that he attended a meeting at which Johnson, Thurston, Gordon Starkey, and the deputy county assessor were also present. Leone stated that he told Johnson that it would be in Johnson's best interest to resign and that he would give Johnson a "good recommendation." [1]

According to Johnson, however, only Leone was present at the meeting. Johnson testified that Leone said he could either resign or be terminated and that he had 24 hours to make a decision. Johnson turned in his resignation the next day. The county did not give Johnson notice of his veterans preference rights.

On December 22, 1993, Johnson filed a petition with the Commissioner of Veterans Affairs, asserting that he had been terminated without notice of his veterans preference rights. Following a hearing, the Administrative Law Judge (ALJ) found (1) a meeting took place in March 1984 and Leone, Thurston, Starkey, and Johnson were present; (2) Johnson was given one day to decide whether to resign or be terminated; (3) Johnson was not informed of his veterans preference rights; and (4) Johnson was unaware of his rights until he read a newspaper advertisement almost ten years later. The ALJ concluded that the county's failure to notify Johnson of his veterans preference rights violated Minn.Stat. § 197.46 and recommended further proceedings to fashion a remedy. The commissioner adopted the ALJ's findings and conclusions, and ordered further proceedings.

Both parties submitted briefs and affidavits to the ALJ on the remedy issue. The ALJ found that Johnson's income, including benefits, at the time of termination was $2,228.11 per month. The ALJ further found that Johnson received $1,146.00 for an unemployment compensation claim filed in 1984.

The ALJ recommended an award of $9,994.55 (representing $2,228.11 for five months, less the $1,146.00 received as unemployment compensation), plus interest at six percent per year from May 24, 1984. The commissioner adopted the ALJ's recommendation and ordered the county to pay Johnson back pay of $9,994.55, plus interest. This appeal followed.

## ISSUE

Is Johnson's claim barred by the statute of limitations?

## ANALYSIS

The county argues that Johnson's claim is barred by the statute of limitations.

The standard of review of a decision from the commissioner is whether the decision is arbitrary and capricious and without substantial support in the record. *AFSCME Council 96 v. Arrowhead Regional Corrections Bd.*, 356 N.W.2d 295, 299 (Minn. 1984). When considering questions of law, however, reviewing courts are not bound by the decision of the agency and need not defer to agency expertise. *St. Otto's Home v. Minnesota Dep't of Human Servs.*, 437 N.W.2d 35, 39–40 (Minn.1989). In particular, when reviewing matters of statutory interpretation, this court is not bound by the determination of the agency. *Arvig Tel. Co. v. Northwestern Bell Tel. Co.*, 270 N.W.2d 111, 114 (Minn.1978).

The Veterans Preference Act requires a veteran to request a hearing "within 60 days of receipt of the notice of intent to discharge." Minn.Stat. § 197.46 (1992). Failure to request a hearing within the 60-day period constitutes a waiver of the veteran's right to a hearing and "all other available legal remedies for reinstatement." *Id.* Both parties agree that Johnson never received a notice of intent to discharge. The county argues, however, that Johnson's claim is barred because he did not bring it within six years of his "resignation."

The Veterans Preference Act does not contain a statute of limitations provision. Thus, the county claims, the six-year statute of

---

1. Both Starkey and Thurston recalled being present at this meeting as well. But none of the three could say exactly when the meeting took place.

limitations applies. *See* Minn.Stat. § 541.01 (1992) ("Actions can only be commenced within the periods prescribed in this chapter, after the cause of action accrues, except where a different limitation is prescribed * * * in special cases, by other statute.); Minn.Stat. § 541.05 (actions "[u]pon a liability created by statute" to be commenced within six years).

The Veterans Preference Act requires employers to follow certain procedures and imposes liability if they fail to do so. *See* Minn.Stat. § 197.46 (employer intending to discharge veteran must notify veteran of veteran's right to request hearing); Minn.Stat. § 197.481 (aggrieved veteran may petition commissioner of veterans affairs for "such relief the commissioner finds justified"). Because these rights are statutorily-based, we hold the six-year limitations period applies to the Veterans Preference Act.

Although no Minnesota cases have faced this precise issue, the supreme court has addressed the 60–day period for requesting a hearing under section 197.46 in *Young v. City of Duluth*, 386 N.W.2d 732 (Minn.1986). In *Young*, the court stated, "[u]nder the Act, if no notice is given to the veteran, no time limitation for the commencement of a hearing or writ of mandamus begins to run." *Id.* at 738. While the court used the language "no time limitation * * * begins to run," the question of whether a veterans preference claim is subject to the six-year statute of limitations was not before the court in *Young*.[2] Rather, the issue before the court was whether a veteran's failure to request a hearing within 60 days constituted a waiver even where his employer did not notify him of his rights. *Id.* at 737. Although the county did not notify Johnson of his veterans preference rights, Johnson's failure to assert his rights within six years violates the general statute of limitations, not the 60–day rule. Therefore, we conclude that *Young* does not govern Johnson's claim.

 Although we resolve this appeal on the basis of the statute of limitations, we note that there is substantial support in the rec-

ord for the ALJ's finding that the county gave Johnson the choice of resigning or being terminated and that he had 24 hours to make this decision. Thus, the "resign or be terminated" choice constituted a removal because it had the effect of taking away Johnson's employment. *See Myers v. City of Oakdale*, 409 N.W.2d 848, 850–51 (Minn.1987) ("[A] veteran is removed from his or her position or employment when the effect of the employer's action is to make it unlikely or improbable that the veteran will be able to return to do the job.").

We are aware that justice may not have been served in this particular case because Johnson did not receive his veterans preference rights. On the other hand, we note that public policy dictates that, at some point, these matters need closure. *See Karels v. American Family Mut. Ins. Co.*, 371 N.W.2d 617, 619 (Minn.App.1985) ("A statute of limitation is based on the proposition that it is inequitable for a plaintiff to assert a claim after a reasonable lapse of time, during which the defendant believes no claim exists."), *aff'd*, 381 N.W.2d 441 (Minn.1986); *Bartlett v. Miller & Schroeder Muns., Inc.*, 355 N.W.2d 435, 439 (Minn.App.1984) ("Statutes of limitation serve a general purpose of repose, the interest of both the defendant and society in freedom from stale claims."). Therefore, we conclude the six-year statute of limitations bars Johnson's claim.

Because the statute of limitations resolves this case, we need not address the remedy question or whether Johnson is entitled to reinstatement.

**DECISION**

The commissioner erred in awarding Johnson damages because his claim was barred by the six-year statute of limitations.

**Reversed.**

---

**2.** In *Young*, only two years had passed from the date of termination until the veteran claimed

preference rights. *Id.* at 734.