Dale O. **THARALSON**, Relator (C3–96–203),

Henry R. **Krueger**, Relator (C5–96–204),

Stephen C. **Sipper**, Relator (C7–96–205),

v.

**HENNEPIN PARKS, f/k/a Hennepin County Park Reserve District,** Respondent (C3–96–203),

**City of Little Falls, Respondent** (C5–96–204),

**City of Edina, Respondent (C7–96–205),**

**Minnesota Department of Veterans Affairs, Respondent.**

Nos. C3–96–203, C5–96–204 and C7–96–205.

Court of Appeals of Minnesota.

July 23, 1996.

Jesse Gant III, Gant Law Office, Minneapolis, for Relators.

Jeffrey R. Brauchle, Elizabeth A. Wefel, Oppenheimer Wolff & Donnelly, Minneapolis, for Respondent Hennepin Parks.

Frank J. Madden, Pamela R. Galanter, Frank Madden & Associates, Plymouth, for Respondent City of Little Falls.

David J. Lauth, Mary B. Thomas, Dorsey & Whitney LLP, Minneapolis, for Respondent City of Edina.

Hubert H. Humphrey III, Minnesota Attorney General, Donald Notvik, Assistant Attorney General, St. Paul, for Respondent Department of Veterans Affairs.

Considered and decided by PARKER, P.J., and RANDALL and SCHULTZ, JJ.

---

## OPINION

SCHULTZ, Judge.*

Relators Stephen C. Sipper, Dale O. Tharalson, and Henry R. Krueger challenge the determination of the Commissioner of Veterans Affairs (the Commissioner) that relators' Veterans Preference Act (VPA) claims are barred by the six-year statute of limitations for statute-based causes of action. We affirm.

## FACTS

### Sipper

Stephen C. Sipper alleges he is a qualified veteran who worked for the City of Edina as a firefighter in 1986. He alleges that while working for Edina, he suffered a heart attack and, after recovery, was placed in a lower paying position as a maintenance worker. Sipper alleges that upon demotion he was never given notice of his rights under the VPA. The Commissioner dismissed Sipper's petition on the ground that it was untimely.

### Tharalson

Dale O. Tharalson alleges he is a qualified veteran who began work for Hennepin Parks in January of 1973 as a park ranger. In November of 1973, after being accused of misconduct, Tharalson alleges that he was demoted to the maintenance department. Sometime thereafter, Tharalson alleges he was transferred to a different work site, making it costly and difficult for him to stay in the employment of the Parks. He claims such demotion and transfer forced him to resign. Tharalson alleges he was never given notice of his rights under the VPA. The Commissioner dismissed Tharalson's claim as untimely.

### Krueger

Henry R. Krueger alleges he is a qualified veteran who started work for the City of Little Falls in December of 1971 as a "utility man." By June of 1973, when he was terminated, Krueger was a "plant operator." On December 12, 1994, an administrative law judge (ALJ) issued a recommendation that

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

the Commissioner grant Krueger's petition as to the issue of liability because Little Falls never gave Krueger the requisite VPA notice. The Commissioner dismissed Krueger's petition as untimely.

Relators filed appeals to this court. The appeals were consolidated for hearing and decision per this court's order dated February 8, 1996.

## ISSUE

Are relators' claims barred by the statute of limitations?

## ANALYSIS

■ This court reviews decisions from the Commissioner to determine whether the decision is arbitrary and capricious and without substantial support in the record. *AFSCME Council 96 v. Arrowhead Regional Corrections Bd.*, 356 N.W.2d 295, 299 (Minn. 1984). When considering questions of statutory interpretation, however, this court is not bound by an agency's determination and applies the law de novo. *Arvig Tel. Co. v. Northwestern Bell Tel. Co.*, 270 N.W.2d 111, 114 (Minn.1978).

The VPA provides that covered veterans can only be removed from certain positions of public employment for incompetency or misconduct and are entitled to a hearing on the merits of their discharge. Minn.Stat. § 197.46 (1994). A covered employer must give a veteran notice of its intent to discharge and notice of the veteran's right to a hearing on the merits of such discharge. *Id.* Within 60 days after receiving such notice, if the veteran has not requested a hearing, the veteran waives his or her rights under the VPA. *Id.* A veteran who has been denied rights under the VPA can file a petition for enforcement to the Commissioner. Minn. Stat. § 197.481.

■ The VPA does not provide a statute of limitations to govern proceedings brought under its provisions. This court recently concluded, however, that a veteran's right to file a petition for enforcement to the Commissioner is limited by the six-year general statute of limitations for statute-based causes of action found at Minnesota Statutes section

541.01, subdivision 1(2) (1994). *Johnson v. County of Anoka*, 536 N.W.2d 336, 339 (Minn.App.1995). We reaffirm *Johnson*.

■ The rights relators seek to enforce are statutory rights (right to a hearing on the merits of the veteran's discharge and appropriate remedies), provided to veterans by Minnesota Statutes section 197.46. Although relators seek to enforce their rights through the administrative enforcement section of the VPA, we conclude such proceeding is also governed by the six-year statute of limitations because the Commissioner, through the petition process, can only grant such relief as is justified by the other sections of the VPA, including section 197.46. Minn.Stat. § 197.481. Therefore, although the veteran has 60 days from the date the employer gives the requisite notices to request a hearing under the statute, the veteran's outside limit for filing such a request is six years under Minnesota Statutes section 541.05, subdivision 1(2), whether or not the employer gives the veteran the requisite notices.

Relators argue the supreme court's decision in *Young v. City of Duluth*, 386 N.W.2d 732 (Minn.1986), requires this court to disregard *Johnson*. Young was a qualified veteran who was terminated from public employment in 1981. *Young*, 386 N.W.2d at 733–34. In 1983, Young requested a hearing on the merits of his discharge. *Id.* at 734. The supreme court held Young was not time-barred from requesting a hearing on the merits because his employer failed to give Young the requisite notices upon discharge. *Id.* at 738. The supreme court in *Young*, however, had no reason to address the six-year statute of limitations because Young requested a hearing in two years, well within the six-year statute of limitations. *Id.* at 733–34. Accordingly, we conclude *Young* does not control the result here.

The purpose of imposing a statute of limitations is to give repose to the defendant and ensure the fair and effective administration of justice. *Dalton v. Dow Chem. Co.*, 280 Minn. 147, 153 n. 2, 158 N.W.2d 580, 586 n. 2 (1968). The City of Little Falls, the only respondent to have the opportunity to pres-

ent evidence to an ALJ, submitted evidence that persons with knowledge concerning Krueger's employment and termination either were no longer available or had no recollection of events surrounding Krueger's employment with Little Falls. We conclude the fair and effective administration of justice will best be served in all cases by requiring veterans to assert their rights within six years of the adverse employment decision.

## DECISION

The Commissioner properly denied relators' VPA petitions as being time barred by the statute of limitations for statute-based causes of action found at Minnesota Statutes section 541.05, subdivision 1(2).

**Affirmed.**

